## VEILE *et al. v.* IRWIN.

The petition not stating a cause of action, though no demurrer was filed at the appearance term, it was not error to dismiss the petition upon oral motion made by the defendant when the case was called for trial.

Decided February 16, 1910.

Equitable petition. Before Judge Edwards. Polk superior court. August 24, 1908.

Mrs. Laura Veile, formerly Laura Freeman, for herself and as next friend of her minor daughter, Gussie Freeman, filed her petition to the February term, 1907, of Polk superior court, against F. A. Irwin, alleging that he was indebted to her $600, or other large sum; that he failed and refused to account to her for the money in his hands; and that certain provisions were made for her in the will of Mrs. Scanland, who died testate on March 28, 1899. The will as an exhibit was made a part of the petition. After devising certain realty to the petitioner for life, bequeathing certain personalty, and providing for the erection of a monument at the graves of the testatrix and her husband, the will further provided: "Item Five. It is further my will and desire that whatever money I may have at my death, after paying all my just debts, and the monuments herein provided for, that my executor hereinafter named take charge of the same as trustee for Laura Freeman, and keep said fund invested at interest for the benefit of said Laura, to be paid to her when she shall become old and unable to work, or in case of sickness and inability to work; my said executor to use his judgment as to when the necessity arises to pay out said fund or any part thereof. Item Six. I hereby name as my executor to carry out this will F. A. Irwin, and request that he be not required to give bond nor be required to make returns to any court, but that he be authorized to fully carry out this will without the order of any court or being responsible to any court, being alone responsible to the beneficiaries under this will for its faithful execution."

The petition charged, that F. A. Irwin as executor had failed to comply with the provisions of the will, and had failed to invest the money or to account to petitioner for the interest thereon; that she had repeatedly asked him to furnish her with some showing as to how the money was invested, and as to what was being done with the accrued interest, she being uneducated and unable to locate any

investment made by the executor as provided in the will; that the money had not been invested, and she had not received any income of the same; that the interest on it had been accumulating for seven years, and she needs the interest from this fund to supplement her earnings, which are insufficient to support herself and her minor child; that all the facts showing how much money was received by the executor are within his knowledge, and if he were to die she would have no way of ascertaining the amount of the funds received by him, and in case of his death, not being able to trace the fund, she and her child would lose it. She prayed that he be required to show how much money he received under the will, where the same was invested, and to pay over to her the accrued interest on the fund, if it should seem just and proper to the court that he should do so; that if the fund is not invested, the trustee be required to invest it in good securities for her use and benefit, or show cause why the investment should not be made at once; and for general relief.

No plea was filed. When the case was called for trial at the August term, 1908, the petition was dismissed upon oral motion in the nature of a general demurrer. To this ruling the petitioner excepted.

*Lipscomb, Willingham & Doyal,* for plaintiffs.

*G. R. Hutchens* and *Bunn & Bunn,* for defendant.

BECK, J. (After stating the facts.) We are of the opinion that the court below properly held that the petition should be dismissed on the ground that it stated no cause of action against the defendant. The petition does not show, except inferentially, that there is money or accrued interest in the hands of the defendant, nor does it show (even if, considered altogether, the allegations amount to the charge that there is accrued interest in the hands of the executor) that there is any abuse of discretion on his part in failing to pay over the same to petitioner; and it is not insisted by counsel for plaintiff in error that this petition could be treated as a proceeding to remove Irwin as executor and trustee under the will for any acts of misfeasance or abuse of his office. And we do not think it was within the jurisdiction of the court to compel the executor as trustee to invest the funds that came into his hands under this will, if there were any, in any particular form of securities or realty. And as there is no cause entitling the plaintiff to relief against the

defendant stated in the instant case, and no other case pending or intended is set forth, even in the most general way, which the facts sought to be discovered could be used to support, the petition could not be retained as proceedings in the nature of a bill for discovery alone. Civil Code, § 3946; also 6 Enc. Pl. & Pr. 766 et seq., and cit.

*Judgment affirmed. All the Justices concur.*