## McFARLAND v. McFARLAND, executor.

HILL, J. 1. Where in a proceeding to probate a will in solemn form it appears that one of the requisite number of witnesses necessary to prove the will is inaccessible to the court, on account of non-residence in the State, proof of his handwriting may be resorted to, or his testimony taken by commission as in other cases. *Wells* v. *Thompson,* 140 *Ga.* 119 (78 S. E. 823, 47 L. R. A. (N. S.) 722, 33 Ann. Cas. (1914C) 898); Civil Code (1910), § 3861.

2. In the absence of a statute requiring it, judgments of courts of general jurisdiction of the subject-matter and the parties need not have set forth therein the evidence upon which they are based. 11 Enc. Pl. & Pr. 957.

3. A motion to set aside a judgment of a court of ordinary probating a will in solemn form, filed by an heir at law of the testator, on account of defects appearing upon the face of the judgment, the grounds of the motion being that "upon the hearing of said case, as shown by said order and judgment of probate, . . the evidence of [one of the witnesses to the will] was not taken or heard by the court, and no effort was made to take his evidence, although he was in life and a resident of Chattanooga, Tennessee, and his evidence could have been taken without difficulty," and "the said judgment and order shows no evidence before the court as to the signature of the" non-resident witness, is, in the absence of the pleadings or record before the court, upon the application of the foregoing principles, subject to demurrer.

4. The superior court, to which the case was appealed by agreement, did not err in sustaining a demurrer to the motion to set aside the judgment. *Judgment affirmed. All the Justices concur.*

JUNE 25, 1915.

Appeal. Before Judge Wright. Walker superior court. June 19, 1914.

*J. E. Rosser* and *W. M. Henry,* for plaintiff.

*Sizer, Chambliss & Chambliss, R. M. W. Glenn,* and *W. H. Payne,* for defendant.