### 18502. BYRD *v.* RIGGS.

DUCKWORTH, Chief Justice. 1. Courts of law have jurisdiction to set aside their own. judgments upon petition with rule nisi or process attached and filed after the term at which the judgment was rendered upon the ground that such judgment was procured by fraud or other irregularity that renders it voidable. *Union Compress Co.* v. *A. Leffler & Sons,* 122 *Ga.* 640 (50 S. E. 483); *Davis* v. *Albritton,* 127 *Ga.* 517 (56 S. E. 514, 8 L. R. A. (NS) 820, 119 Am. St. R. 352); *Methodist Episcopal Church, South* v. *Decell,* 187 *Ga.* 526 (1 S. E. 2d 432).

2. The foregoing rule does not apply in cases where, as here, the petition to set aside the judgment is predicated upon alleged newly discovered evidence and in no wise charges fraud or illegality in the judgment sought to be set aside.

3. The judgment under attack is one probating a will in solemn form, and the petition is to the court of ordinary which rendered it with rule nisi attached, and it seeks to have that court set the judgment aside upon the alleged ground that a later will has been discovered since the rendition of the judgment. In this respect the proceeding is

analogous to but is not an extraordinary motion for new trial upon the ground of newly discovered evidence as provided for by law. Code §§ 70-205, 70-303. This is true because it is not so designated nor does the court of ordinary have jurisdiction to entertain a motion or extraordinary motion for new trial, as only superior and city courts may grant new trials. Code § 70-101.

4. For the foregoing reasons the judgment of the superior court, in the hearing of the appeal from the court of ordinary, sustaining the motion in the nature of a demurrer to dismiss the petition, upon the ground that the court of ordinary was without jurisdiction to entertain the same, must be affirmed. See *Cooney, Eckstein & Co. v. Sweat,* 133 *Ga.* 511 (66 S. E. 257, 25 L. R. A. (NS) 758); *Veile v. Irwin,* 133 *Ga.* 794 (66 S. E. 1087); *Darley v. Starr,* 150 *Ga.* 88 (102 S. E. 819).

*Judgment affirmed. All the Justices concur.*

Argued February 9, 1954—Decided March 9, 1954.

*W. G. Neville, Wm. J. Neville, B. H. Ramsey, Sr., J. P. Dukes, W. Roscoff Deal,* for plaintiff in error.

*Geo. M. Johnston, Fred T. Lanier, Robert S. Lanier,* contra.