25487, 25488. SMITH et al. v. SMITH, Executor.

ARGUED OCTOBER 15, 1969—DECIDED DECEMBER 4, 1969.

*Henning, Chambers, Mabry & Crichton, E. Speer Mabry,* for appellants.

*Lee Dickens, Sr., Lee Dickens, Jr.,* for appellee.

ALMAND, Chief Justice. The main appeal in this case, (25487), is from an order granting a summary judgment. The cross appeal (25488) is from an order denying a motion to dismiss a petition to set aside the probate of a will in solemn form.

These appeals involve the validity of the probate, in solemn form, of the will of James B. Smith, in the Court of Ordinary of Hancock County.

The testator died on April 20, 1968, leaving as his sole heirs at law five children, all sui juris. On April 24, 1968, James Smith, a son, called a meeting of the sister and three brothers for the purpose of reading the last will of his father. There were two sealed envelopes. One contained a will executed in 1949 and the other contained a will dated November 8, 1960, and a codicil dated September 9, 1961. The two wills and codicil were read in the presence of all the parties and were examined and discussed by them. The 1960 will revoked the 1949 will, and the codicil made substantial changes in the distribution of the estate among the five children. James A. Smith was named as executor in both wills. On the same day, April 24, 1968, James A. Smith filed his petition in the Court

of Ordinary of Hancock County to probate the will and codicil of November 8, 1960.

All the children signed the following acknowledgment of service: "Georgia, Hancock County. In the Court of Ordinary of Said State and County: In re Petition to Probate the Last Will and Testament of James B. Smith, deceased. We, the undersigned, being all the heirs at law of the said James B. Smith, deceased, and all being sui juris and laboring under no disabilities, do hereby acknowledge service and notice of the application to probate the Last Will and Testament of the said James B. Smith, in solemn form, and do hereby assent and agree that said Will be admitted to record upon proper proof, and that letters testamentary thereupon issue without further delay. This the 24th day of April, 1968."

The will was duly probated on April 30, 1968, in solemn form, and letters testamentary were issued to James A. Smith. On June 7, 1968, Clifford Smith, W. H. Smith, M. B. Smith and Gladys Smith Delton, filed their petition in the Hancock County Court of Ordinary to set aside the probate of the will; to cancel the appointment of James A. Smith as executor; and to cancel and declare void the acknowledgment of service and consent to probate.

The main ground of the complaint was that James A. Smith had practiced a fraud on petitioners and the court of ordinary in certain specified particulars.

After a hearing, the ordinary entered an order revoking the probate of the will and setting aside the acknowledgment of service.

James A. Smith appealed the case to the superior court where he filed a motion to dismiss and a motion for a summary judgment, to which the appellants filed a response. After a hearing, upon consideration of the pleadings, affidavits and interrogatories, the court, on August 5, 1969, entered a judgment: (a) overruling the motion of James A. Smith, executor, to dismiss the petition to set aside the probate of the will; and (b) granting the motion of James A. Smith for a summary judgment. The superior court reversed, set aside and vacated the order of the court of ordinary which had set aside the

probate of April 30, 1968. The probate order of that date was re-instated.

Notice of appeal was filed by Clifford W. Smith et al., and error is enumerated in the main appeal, on the granting of a summary judgment.

Notice of cross appeal was filed by James A. Smith excepting to the judgment overruling his motion to dismiss the petition.

The trial judge, in his order, ruled: (a) that there was no evidence to support the claim of the appellants that their waiver and consent to probate the will in solemn form was obtained by fraud on the part of the appellee; (b) that the fact that the appellants orally informed the appellee of the revocation of their consent to probate was a defense that they should have urged in the court of ordinary; (c) that the fact that the appellee did not amend the petition for probate as he had agreed, constituted no ground to set aside the probate, because the appellants knew this before the will was probated, and had an opportunity to file their objections which they failed to do; and (d) that no good and legal excuse was shown by any evidence for not urging these defenses during the pendency of the probate proceedings in the court of ordinary.

■ The main appeal. The court did not err in granting the appellee's motion for summary judgment.

While a judgment of a court may be set aside for proper cause, it may not be done if the complaining party does not use proper diligence in discovering or attempting to discover the facts upon which he relies to annul the judgment. *Hightower v. Williams,* 104 Ga. 608 (30 SE 862). In the case of *Charles v. Simmons,* 215 Ga. 794, 796 (113 SE2d 604), the plaintiff sought to declare void, for reasons of fraud, an acknowledgment of service for the probate of a will in solemn form. In holding that the petition failed to set forth a cause of action, the court said: "The plaintiff, by the exercise of the slightest degree of diligence could have prevented the results of the fraud alleged to have been perpetrated upon him. First, he could and should have read what he was signing. Furthermore, the will was not probated in solemn form until May 4, about two weeks after he acknowledged service. He had ample time to discover

the fraud and prevent the consequences by the exercise of proper diligence." In *West v. Downer*, 218 Ga. 235, 240 (127 SE2d 359), it was said: "Moreover, the parties, with full knowledge of the facts involved, mutually agreed by written contract to probate in solemn form the instrument in question. Even where the instrument is an absolute nullity by reason of improper attestation or other invalidating cause, if it is probated and admitted to record as a will on the written consent of the heirs . . . all the heirs who were sui juris and parties to the contract are estopped to deny the will's validity or the probate thereof." (Citations omitted). See also *Marshall v. Russell*, 222 Ga. 490 (150 SE2d 667). The evidence submitted by the appellants on the hearing for the motion for a summary judgment shows without dispute that when all the heirs signed the written consent to probate the will in solemn form, the contents of the 1960 will and the codicil were known to them. The objections to its validity were also known to them at that time. Between April 24 and April 30, the day the judgment of probate was entered, one or more of the appellants went to the ordinary's office and discovered that the appellee had not amended the petition as promised. Yet no protest or objection was made to the ordinary concerning its probate; nor did they withdraw, in the court of ordinary, their consent to probate.

By the exercise of due diligence, the appellants could have asserted in the court of ordinary the same objections to the probate of the will in solemn form as they now assert to set aside the probate.

Appellants contend that by reason of a confidential relationship between the appellee and the appellants, the latter were excused from exercising diligence in discovering facts concerning the will offered for probate. A judgment of the court of ordinary may be set aside for fraud or the act of an adverse party unmixed with the negligence or fault of the petitioner. *Code* § 37-219. The judgment probating a will in solemn form can not be set aside on any ground which by due diligence could have been ascertained and pleaded as a defense against probate. *Hightower v. Williams*, 104 Ga. 608, supra.

Even if it be conceded that a confidential relation between the petitioners and the nominated executor existed prior to probate of the will, the undisputed evidence shows that after they had given their consent to probate they knew several days before the probate of the will that the defendant had failed to carry out his alleged promises and they had unrestricted opportunity to withdraw their consent and to file their objections. Having failed to exercise ordinary diligence to protect themselves, they cannot be relieved from the consequence of such negligence.

■ The cross appeal. Having held above that the court properly granted the appellee's motion for a summary judgment, it is unnecessary to pass upon the motion to dismiss the petition to set aside the probate proceedings.

*The judgment in the main appeal is affirmed and the cross appeal is dismissed. All the Justices concur.*