## 28546. PURCELL v. COWART.

JORDAN, Justice. Henry Purcell, appellant here, filed a petition to set aside the judgment of probate on the last will and testament of R. B. Purcell, Sr., alleging that the will was admitted to probate in solemn form in 1964 upon only the affidavits of the subscribing witnesses, and that a will so admitted is a nullity and is void. The executor, appellee here, filed his answer and a motion to dismiss because the attack on the judgment was not timely and a cross action in which he sought to disinherit the appellant under a "no-contest" clause in the will.

On August 7, 1973, the court of ordinary entered a judgment in which the petition was dismissed and the cross action was sustained.

The appellant appealed this judgment to the Superior Court of

Tattnall County, and on October 15, 1973, that court sustained the ruling of the court of ordinary that the attack on the judgment was not timely, but overruled that part of the judgment holding that appellant had violated the "no-contest" clause of the will. It is from this judgment that this appeal is taken. *Held:*

1. The trial court did not err in holding that the attack on the judgment of the court of ordinary was not timely made. Code Ann. § 81A-160 (f) states in part that " . . . all motions, complaints or other proceedings to set aside or attack judgments shall be brought within three years from entry of the judgment complained of." Code § 3-702 restates the proposition as follows: "All proceedings of every kind in any court of this State to set aside judgments or decrees of the courts, shall be made within three years from the rendering of said judgments or decrees."

Approximately nine years have elapsed since the entering of the judgment here under attack. The appellant relies on that portion of Code Ann. § 81A-160 (f) which states that "a judgment void because of lack of jurisdiction of the person or subject matter may be attacked at any time." This is without merit as the judgment of the court of ordinary probating the will in solemn form shows on its face that the court had proper jurisdiction of both the parties and the subject matter. Since the court had the authority to act, the law presumes that the court of ordinary in admitting said will to the record did all that the law requires be done. *Clements v. Henderson,* 4 Ga. 148, 154 (48 AD 216); *McDade v. Burch,* 7 Ga. 559, 562 (50 AD 407); *Marshall v. Russell,* 222 Ga. 490, 494 (150 SE2d 667). "The court of ordinary is a court of general jurisdiction, and therefore it is presumed in favor of one of its judgments that every fact necessary to make it valid and binding upon the parties thereto and their privies was before the court." *Stuckey v. Watkins,* 112 Ga. 268 (1) (37 SE 401, 81 ASR 47). We held in *McFarland v. McFarland,* 143 Ga. 598 (2) (85 SE 758), that "In the absence of a statute requiring it, judgments of courts of general jurisdiction of the subject matter and the parties need not have set forth therein evidence upon which they are based." The appellant contends that since the record in the court of ordinary did not affirmatively show that both witnesses to the testator's will were present at the probate proceedings to testify in the proving of testator's will, we are to presume that this did not happen. *McFarland v. McFarland,* supra, points out this misconception. No error being shown in the judgment of the

superior court, said judgment is affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 2, 1974 — DECIDED FEBRUARY 6, 1974.

*M. Francis Stubbs,* for appellant.

*Cowart & Cowart, Dan S. Cowart, Carroll L. Cowart,* for appellee.