## 51802. GARRISON v. GARRISON.

STOLZ, Judge.
In this suit between resident parties to recover past due child support payments under a North Carolina court decree, the State Court of Gwinnett County entered a judgment for the plaintiff former wife, based upon a consent judgment which the court found the parties had agreed to pending the trial. Five months after the court had entered an order for a writ of fi. fa. to issue for the balance of said judgment following the defendant former husband's default thereon, the defendant filed a motion in the Georgia court to set aside its original judgment on the ground of contended nonamendable defects on the face of the record, viz., that the purported consent agreement on which the judgment was based had not been executed by the defendant or his attorney, and the Georgia court's lack of jurisdiction to specify how child support payments ordered by a foreign state were to be made. The defendant appeals from the order denying his motion to set aside the judgment.

1. "While a judgment of a court may be set aside for proper cause, it may not be done if the complaining party does not use proper diligence in discovering or attempting to discover the facts upon which he relies to annul the judgment." *Smith v. Smith,* 225 Ga. 799, 801 (171 SE2d 524) and cits. See also *Camp v. Fidelity Bankers Life Ins. Co.,* 129 Ga. App. 590 (200 SE2d 332). In the case sub judice, the plaintiff's motion to have the purported agreement made the judgment of the court alleged that

the defendant had personally acknowledged the outstanding indebtedness and agreed with the plaintiff to a consent judgment, but then refused to execute it. Although the defendant was personally served with the rule nisi on this motion, he did not appear at the hearing to contest the motion, and allowed the judgment to be entered. Furthermore, he acquiesced in the judgment by complying with its provisions for 7 months. The judgment finding the defendant's agreement with the consent judgment — entered after rule nisi was served, acquiesced in and unappealed from by the defendant—is res judicata as to the issue of the defendant's agreement unless the judgment was otherwise void on its face.

2. The consent judgment did not explicitly or by its terms abrogate or modify the obligation imposed by the foreign decree by altering the amounts either past due or to become due under the decree, such as is prohibited. See *Anderson v. Anderson,* 230 Ga. 885 (199 SE2d 800) and cits. It merely provided for the payment of the past due obligations to the North Carolina court in specified monthly installments in addition to the current monthly payments. The suit to enforce the decree for alimony of a sister state did not make such suit an alimony case, but rather an action on a debt of record, jurisdiction of the appeal from which is in this court. *Matuszczak v. Kelly,* 233 Ga. 914 (2) (213 SE2d 875).

The defendant was admittedly liable for payment of all the past due obligations. Under the circumstances, he is estopped to complain of the judgment permitting him to make monthly payments, rather than a lump-sum judgment, which the judge could have entered.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

SUBMITTED FEBRUARY 2, 1976 — DECIDED MARCH 19, 1976.

*Robinson, Harben, Armstrong & Millikan, Sam S. Harben, Jr.,* for appellant.

*Gerstein, Carter & Chesnut, Michael J. King,* for appellee.