## 31339. DENNIS v. McCRARY.

JORDAN, Justice.

Sidney Dennis filed a petition to vacate and set aside the probate of the will of his deceased wife, Mary Moon Harris Dennis, in the Court of Ordinary (now Probate Court) of Fulton County. On denial of this petition, Dennis appealed to Fulton Superior Court. After a trial by a jury, the superior court judge directed a verdict in favor of Julia McCrary, the propounder and executrix of the will. This appeal is from that judgment.

1. The petition in the ordinary's court to vacate and set aside the judgment of probate in solemn form was filed six months after the judgment of probate. The appellee urges that the court of ordinary did not have the power to entertain the petition because Code Ann. § 81A-160 (Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240; 1974, p. 1138) does not provide a method for setting aside a judgment in the ordinary's (or probate) court on the ground of fraud in its procurement.

The probate court has original, exclusive (except for appeal), and general jurisdiction of the probate of wills. Code § 24-1901. Both prior to, and since, the Civil Practice Act, this court has recognized the jurisdiction of the court of ordinary (now probate court) to vacate its judgment probating a will in solemn form which was obtained by fraud or other irregularity that renders it voidable. *Knowles v. Knowles,* 132 Ga. 806, 811 (65 SE 128) (1909); *Byrd v. Riggs,* 211 Ga. 493 (86 SE2d 285) (1955); *Souter v. Carnes,* 229 Ga. 220 (190 SE2d 69) (1972); *Purcell v. Cowart,* 231 Ga. 675 (203 SE2d 482) (1974). See Code §

110-709.

2. While the appellant asserts several specifications of error as to the direction of the verdict, the only ones that we need to consider are those directed at the validity of the judgment of probate. Unless the probate judgment is set aside, it is conclusive as to any ground of caveat to the will that the appellant might have. The probate court had no jurisdiction to construe the provisions of the will, and the superior court, on appeal, had no broader jurisdiction than the probate court. *Knowles v. Knowles,* 132 Ga. 806, 811, supra; *McDowell v. McDowell,* 194 Ga. 88, 92 (20 SE2d 602) (1942); *Goodman v. Little,* 213 Ga. 178, 179 (97 SE2d 567) (1957).

3. The appellant asserted that the judgment of probate in solemn form was void because it was procured upon the proof of only one of the subscribing witnesses, the other subscribing witness not having made any proof either in person or by deposition.

The will was witnessed by the lawyer who drew it, and by his son. At the time of probate the son was in Washington, D.C. Where a witness is inaccessible at the time of probate in solemn form by reason of being without the jurisdiction of the state, proof of his signature may be made. Code § 113-602, as amended; *Brown v. McBride,* 129 Ga. 92 (1) (58 SE 702) (1907); *McFarland v. McFarland,* 143 Ga. 598 (1) (85 SE 758) (1915). There was no evidence that such proof was not made, and it will be presumed that the probate court had proof of the signature of the witness beyond the jurisdiction of the state. *Purcell v. Cowart,* 231 Ga. 675 (203 SE2d 482) (1974).

4. The appellant asserted that his signature on the paper acknowledging service of the application to probate in solemn form the will of his deceased wife, and assenting to the probate, was obtained by fraud.

The deceased died on December 29, 1971. On that same day the appellant was requested by the appellee to go to her lawyer's office. While there he signed the acknowledgment of service. The evidence is in conflict as to what transpired in the lawyer's office. The appellant testified that: He was in a state of emotional shock from the death of his wife at the time he signed the paper. He

had just come from a physician's office, where he had received medication to quiet him. The lawyer told him that the paper he asked him to sign was a release to let the undertaker know from whom he would receive his money, that if he did not sign it, he would have to pay the funeral expenses personally, and that he had no choice other than to sign the paper.

The appellant admitted on cross examination that he could read, and that at the time he signed the paper in the lawyer's office, the lawyer had told him that he had been excluded from his wife's will.

The will was probated on January 3, 1972. The appellant was not present when it was probated.

The cases of *Charles v. Simmons,* 215 Ga. 794 (113 SE2d 604) (1960) and *Smith v. Smith,* 225 Ga. 799, 801 (171 SE2d 524) (1969), deal with the diligence required of the complaining party who attempts to set aside a judgment of probate. The appellant did not meet that standard of diligence under the circumstances of this case either as to the discovery of the alleged fraud or in making a timely attack on the judgment of probate.

*Judgment affirmed. All the Justices concur, except Ingram and Hill, JJ., who concur in the judgment only.*

SUBMITTED JULY 14, 1976 — DECIDED SEPTEMBER 8, 1976 — REHEARING DENIED SEPTEMBER 28, 1976.

*R. P. Herndon,* for appellant.
*Smith, Cohen, Ringel, Kohler & Martin, John A. Howard,* for appellee.