## 34022. DANIEL v. DANIEL.

HALL, Justice.

Asa Daniel, Jr., filed a petition in probate court to set aside the probate in solemn form of his father's will. The petition alleged that Daniel's acknowledgment of service and consent to probate of the will in solemn form instanter were obtained through fraud and misrepresentation. The probate court dismissed the petition, and the superior court affirmed. We disagree and reverse.

1. The probate court has jurisdiction to vacate its judgment probating a will in solemn form which was obtained through fraud or other illegality. *Dennis v. McCrary,* 237 Ga. 605 (229 SE2d 367) (1976). A petition to vacate the judgment is not barred because Daniel could still timely appeal the original judgment of the probate court to superior court.

The superior court could entertain Daniel's appeal from the probate court's order which dismissed his petition to set aside acknowledgment of service and probate of the will. Both before and after passage of the Civil Practice Act, this court has recognized the jurisdiction of the probate court over a petition to vacate its judgment probating a will in solemn form. *Dennis v. McCrary,* supra, and cits. This court has also recognized that denial of a petition to vacate the probate court's judgment is appealable to superior court. *Dennis v. McCrary,* supra; *Purcell v. Cowart,* 231 Ga. 675 (203 SE2d 482) (1974); *Souter v. Carnes,* 229 Ga. 220 (190 SE2d 69) (1972); *Smith v. Smith,* 225 Ga. 799 (171 SE2d 524) (1969).

Appeal from the probate court to superior court was not error.

2. Appellee contends that because appellant stated in his petition that the will had been "duly probated," appellant has admitted that no fraud occurred. We disagree. Appellant's petition in its totality sufficiently alleged fraud and misrepresentation in the procurement of his signature on the acknowledgment of service. *Hayes v. Hallmark Apts., Inc.,* 232 Ga. 307 (207 SE2d 197) (1974). See also *Cochran v. McCollum,* 233 Ga. 104 (210 SE2d 13) (1974); *Leitzke v. Leitzke,* 239 Ga. 17 (235 SE2d

500) (1977); *Bloodworth v. Bloodworth,* 240 Ga. 614 (241 SE2d 827) (1978).

3. Appellant contends that his petition demonstrated sufficient diligence in discovering appellee's fraud and in seeking to vindicate his rights. Appellee, on the other hand, insists that appellant's petition as a matter of law reveals such a lack of diligence that dismissal of the petition was proper. If the facts are as Daniel has alleged them to be, we cannot conclude as a matter of law that he has validly waived his right to contest the will or has failed to act diligently in discovering appellee's fraud and seeking a remedy.

On January 11, 1978, Daniel signed the acknowledgment of service at graveside (Brief for Appellee at 10), allegedly after the executor indicated to him that all the testator's heirs at law were included in the will.

The following day, January 12, 1978, the will was admitted to probate in solemn form. Appellant was not present. That night, appellant first obtained a copy of the will and learned that he had received no share in the testator's estate. Within fourteen days, appellant filed his petition to set aside his acknowledgment of service and probate of the will in solemn form. Daniel acted far more promptly in filing his petition to vacate the judgment of the probate court than did the petitioners in *Dennis v. McCrary,* supra (six months) or *Marshall v. Russell,* 222 Ga. 490 (150 SE2d 667) (1966) (seven years).

The case of *Charles v. Simmons,* 215 Ga. 794 (113 SE2d 604) (1960), through contrast, demonstrates the diligence petitioner exercised in this case. In *Charles,* the petitioner had two weeks between signing the acknowledgment of service and the probate of the will to discover the fraud. Daniel had one day. In *Charles,* petitioner brought his motion to vacate the judgment of the probate court four months after the will was admitted to probate. Daniel acted within two weeks.

Appellant's petition establishes his right to a hearing on the issues of fraud and misrepresentation in procuring his signature to the acknowledgment of service and on the issue of his diligence in discovering the fraud and petitioning the court for redress.

*Judgment reversed. All the Justices concur, except Bowles, J., who concurs in the judgment only.*

SUBMITTED SEPTEMBER 8, 1978 — DECIDED OCTOBER 31, 1978.

*Surrett, Thompson, Bell, Choate & Walker, J. Samuel Choate, Jr.,* for appellant.
*Burnside & Wall, Thomas R. Burnside, Jr., James B. Wall, Jones, Black & Campbell, R. S. Martin,* for appellee.