When a requested charge deals with a matter not in issue, it is not error for a trial court to deny the request. *Anderson v. State*, 163 Ga. App. 603, 604 (4) (295 SE2d 564) (1982).

b. Appellant's request to charge on alibi was denied and he contends this was error. Appellant testified that on the night of the burglary he was at Parks' home visiting her sister and stayed there until 1:00 a.m. He also testified he was apprehended outside the school building as he was walking home, rather than in the cafeteria. However, Parks testified that appellant was at her home from 6:00 to 8:00 p.m., and she did not see appellant thereafter on the night of the burglary. The two police officers who apprehended appellant positively identified him as the person apprehended in the school cafeteria. Thus, the evidence failed to exclude the possibility of appellant's presence at the time of the burglary. "Where the competent testimony does not exclude the possibility of the defendant's presence with respect to the time and place of the offense for which he was indicted, there is no error in not charging alibi." *Welch v. State*, 130 Ga. App. 18, 21 (5) (202 SE2d 223) (1973).

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED MAY 1, 1984 —
REHEARING DENIED MAY 17, 1984 —

*Derek H. Jones,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Robert A. Weathers, Assistant District Attorneys,* for appellee.

### 67728. IN RE LOTT.

SOGNIER, Judge.

Appellant filed a petition in probate court to set aside or amend the probate of a will in order to prove a newly found codicil or will. Appellant was not a party to the original probate. The probate court dismissed the petition for lack of jurisdiction. On appeal to the superior court, appellant amended his petition to seek a new trial. The superior court affirmed the dismissal of appellant's petition and appellant appeals.

Appellant contends that the trial court erred by ruling that the superior court and the probate court lacked jurisdiction to set aside the probate of the will based on the lost codicil being found. This case is controlled contrary to appellant's contentions by *Byrd v. Riggs*, 210 Ga. 473 (80 SE2d 785) (1954). Appellant did not allege that the judgment probating the will in solemn form should be set aside or vacated

because it was obtained by fraud or other illegality. See *Daniel v. Daniel*, 242 Ga. 479 (1) (249 SE2d 263) (1978); *Dennis v. McCrary*, 237 Ga. 605 (1) (229 SE2d 367) (1976). The sole basis for the motion was the newly discovered evidence of the later codicil or will. Whether the motion was denominated a motion to set aside (see *Vaughan v. Car Tapes*, 135 Ga. App. 178, 180 (3) (217 SE2d 436) (1975)) or a motion for a new trial, the probate court lacked jurisdiction to entertain it. *Byrd*, supra; OCGA § 5-5-1. On appeal, the jurisdiction of the superior court was limited to that of the probate court. *Dennis*, supra at 606 (2); *Payne v. Payne*, 229 Ga. 822, 824 (194 SE2d 458) (1972); *Foster v. Allen*, 201 Ga. 348 (1) (40 SE2d 57) (1946).

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED APRIL 30, 1984 —
REHEARING DENIED MAY 17, 1984 —

*Douglas W. Mitchell III, T. V. Williams, Jr.*, for appellant.
*James D. Hudson, Frank T. Holt, M. L. Preston*, for appellee.

68208. SMITH v. SOUTHEASTERN FIDELITY INSURANCE COMPANY.

BANKE, Presiding Judge.

The appellant sued to collect survivor's benefits allegedly owed to her under the "no-fault" provisions of a policy of automobile accident insurance issued to her deceased husband by the appellee insurance company. She appeals the trial court's grant of summary judgment to the insurer.

The appellant's husband applied for the policy on July 23, 1980, tendering with his application a $248 down payment towards a total annual premium of $746. On August 15, 1980, the insurer mailed him a policy with an expiration date of October 14, 1980, explaining in an accompanying notice that the coverage period had been limited to the period of time covered by his down payment. The notice stated: "This action was necessary because [traffic] violation information recorded on application does not agree with violation information developed. If you still desire a policy term as applied for, please see your agent and resubmit a new application and premium finance agreement based on an annual premium of $1,095 . . . Your new policy would cover a period from 10/14/80 to 10/14/81." The appellant's husband did not submit a new application or pay any additional premium. He died as the result of an automobile accident which occurred on December 20, 1980. *Held:*