## A90A1840. BROWN v. THE STATE.
(402 SE2d 341)

POPE, Judge.

Defendant Willie Lee Brown was indicted and convicted on two counts of selling cocaine to an undercover officer. We affirm.

1. Both counts of the indictment charge the defendant with selling cocaine to the undercover agent. The testimony at trial showed in both instances the undercover agent approached an informant and asked to purchase cocaine. The informant turned to defendant, who was immediately next to him, and the defendant handed the substance, which later tested to be cocaine, to the informant who passed the substance on to the agent. The agent handed the informant money and the informant passed it to defendant. In regard to one of the two sales, the agent testified he attempted to hand the money directly to defendant but the defendant refused to accept it and in-

structed the agent to give the money to the informant. Defendant argues he is entitled to a judgment of acquittal because of a fatal variance between the allegation in the indictments that he sold the cocaine to the agent and the proof that the agent actually purchased the cocaine from an informant.

Any person who is a party to a crime may be convicted of the crime. OCGA § 16-2-20 (a). In regard to both counts, the evidence was sufficient to convict defendant as a party to the crime of selling cocaine to the agent.

2. For the reason set forth above, the trial court did not err in charging the jury that they would be authorized to convict the defendant if they believed beyond a reasonable doubt that defendant "did . . . sell cocaine. . . ." Under the circumstances of this case, it was not necessary for the court to instruct the jury that they must find defendant made the sale directly to the agent.

3. We reject defendant's argument that he is entitled to acquittal on the general grounds. The testimony of two undercover agents was sufficient to support the verdict. In regard to one of the counts, defendant argues he is entitled to acquittal because the testimony of the agents must be disregarded in its entirety pursuant to OCGA § 24-9-85 (b). The indictment alleged and the evidence showed one of the offenses occurred on December 3, 1988. One of the agents who testified against him on this count, however, signed an affidavit in support of an arrest warrant on January 25, 1990, stating the offenses occurred on December 3, 1989. The agents identified the affidavit at trial and, when asked if the information contained in it was accurate, both responded affirmatively. The agents were not specifically questioned about the accuracy of the date on the affidavit. Under the circumstances of this case it is obvious that the date on the affidavit in support of the arrest warrant is merely a typographical error. The discrepancy in no way shows the agents knowingly swore falsely so as to require their testimony to be disregarded pursuant to OCGA § 24-9-85 (b).

4. Defendant's motion for leave to file additional enumerations of error is denied. "An enumeration of error may not be amended after the original filing time has expired." *Parham v. State*, 166 Ga. App. 855, 856 (305 SE2d 599) (1983); accord *Burke v. State*, 153 Ga. App. 769 (7) (266 SE2d 549) (1980).

*Judgment affirmed. Motion for leave to file additional enumerations of error denied. Beasley and Andrews, JJ., concur.*

DECIDED FEBRUARY 14, 1991.

*Allen & Kelly, Roy B. Allen, Jr.*, for appellant.
*David E. Perry, District Attorney, Howard B. Buchanan, Assis-*

*tant District Attorney*, for appellee.

