A91A1528. GETTY v. THE STATE.
(414 SE2d 29)

COOPER, Judge.

Appellant was convicted by a jury of armed robbery and appeals the denial of his motion for new trial on the ground that the verdict was against the weight of the evidence.

1. The evidence, viewed in a light favorable to the verdict, demonstrates that a man demanded money from a cashier in a convenience store, and when the cashier refused, the man partially pulled out a knife. The cashier then gave the man the money, and he left the store, passing a woman who was entering the store. The cashier told the woman that she had been robbed by the man who just left the store. When the police arrived, the cashier described the robber as 5 6 or 5 7 , with a beard and "kind of long hair" and wearing blue jeans and a purple and black checkered shirt. The woman, who passed by the robber, described him as 6 tall, with dark hair and some facial hair and wearing a light plaid shirt and jeans. Both women selected appellant's mug shot from a book provided by the police, and during the trial, both women also identified appellant as the robber. A video camera in the store filmed the robbery. The videotape was ruled inadmissible by the trial court for technical reasons; however, a picture of the robber taken from the tape, which ran in the local newspaper, was admitted into evidence. The cashier testified that the robber's appearance on the night of the robbery was sim-

ilar to the man in the picture. The cashier also described the knife used by the robber as a "carpenter's knife." At trial, she testified that the knife seized by police from appellant's property and introduced into evidence was similar to the weapon used in the commission of the robbery. The arresting officer testified that after advising appellant of his rights, appellant admitted committing the robbery.

In our view, the evidence adduced at trial was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of armed robbery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Accordingly, the trial court did not err in denying appellant's motion for new trial.

2. By supplemental brief filed September 19, 1991, appellant asserted an additional enumeration of error. The case was docketed on May 28, 1991, and appellant was required to file enumerations of error 20 days thereafter. Although we granted leave until July 22, 1991, for appellant to file a supplemental brief, such permission did not authorize the filing of an additional enumeration of error. " 'An enumeration of error may not be amended after the original filing time has expired.' [Cits.]" *Brown v. State*, 198 Ga. App. 590, 591 (4) (402 SE2d 341) (1991). Therefore, appellant's supplemental enumeration of error will not be considered.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED JANUARY 15, 1992 — 

*Sonya J. Calhoun*, for appellant.
*Edward D. Lukemire, District Attorney, Shelley S. Howard, Assistant District Attorney*, for appellee.