## A93A0353. JABALEY et al. v. JABALEY.
(430 SE2d 119)

BIRDSONG, Presiding Judge.

This appeal is taken by Richard Paul Jabaley and his wife from the order of the superior court vacating and re-issuing, without modification, its order dismissing as untimely appellants' appeal de novo from the orders of the probate court. The appeal de novo to the superior court had been taken from the rulings of the probate court granting appellee Yolanda Jabaley a year's support award, and for denying appellants' subsequent motion for new trial or in the alternative motion to amend judgment. The superior court vacated and re-issued its original order (compare *Cambron v. Canal Ins. Co.*, 246 Ga. 147 (269 SE2d 426)) apparently in view of appellants' claim that he had not been notified of the superior court's original order in accordance with OCGA § 15-6-21 (c). *Held*:

1. Appellants assert the trial court erred in ruling they waived their claims by admitting that the judgment of the probate judge, dated March 4, 1992, had been "entered," because such ruling was not supported by any facts or evidence of record; and that the trial court erred when it ruled appellants had waived their claims as to the entry or non-entry of the probate court judgment on March 4, 1992, as no objection in the pleadings of appellee or in the evidence suggests that such issue was waived. Appellants' first and second enumerations of error are without merit.

Appellants made an admission in judicio, in their motion for new trial or in the alternative motion to amend judgment, of the fact that the probate court "*entered* a judgment styled 'Final Order' dated the 4th day of March, 1992." (Emphasis supplied.) *Bannister v. State*, 202 Ga. App. 762 (1b) (415 SE2d 912); *Time Ins. Co. v. Lamar*, 195 Ga. App. 452 (393 SE2d 734); see OCGA § 24-3-30. Contrary to appellants' contention, this admission in judicio does not constitute an opinion as to the legal effect of an instrument, but expresses the fact that the order was entered on the date specified; appellants' reliance on *Clift &c., Inc. v. Mincey Mfg. Co.*, 41 Ga. App. 38 (152 SE 136) and its progeny is misplaced as those cases are distinguishable. Such an admission is conclusive; "[i]t is binding upon the party and estops the party from denying the admission or introducing any evidence to controvert such admission, even if the admission is not true." Green, Ga. Law of Evid., Admissions, § 238, p. 422. Thus, a judicial admission in effect is " 'a waiver relieving the opposing party from the need of any evidence,' " as to that matter. *Piedmont Aviation v. Washington*, 181 Ga. App. 730, 731 (2) (353 SE2d 847). Appellants cannot claim as error that they were not informed of the effect of their admission and, thus, prevented from requesting on formal motion to withdraw or amend it. Failure to comprehend the legal effect of mak-

ing an admission provides no excuse for the maker; "[i]gnorance of the law excuses no one." OCGA § 1-3-6; see also *Bragg v. Bragg*, 225 Ga. 494, 496 (170 SE2d 29). *Burger King Corp. v. Garrick*, 149 Ga. App. 186 (253 SE2d 852) relied upon by appellants is distinguishable and not controlling regarding the conclusive effect of admissions in judicio. To the contrary, "[i]t is presumed that the opposite party has relied upon the admission in judicio to provide or to establish the fact or facts; that he does not have proof readily at hand to supply evidence in place of the admission; and that he must have a reasonable time to supply the missing evidence in the proof of his case caused by the withdrawal [if court approved] of the admission in judicio." Green, supra. Thus, the superior court was correct in its conclusion of law that appellants could not contend that the final order was not entered on March 4, 1992.

Further, the superior court's finding of fact that "the evidence presented by the caveators also established that the order dated March 4, 1992, was entered on the same date," is supported by some independent evidence of record in the form of testimony of the clerk of the probate court that she entered the order by entering the notation "granted" in the docket book and an extract of a "granted" entry appearing in the probate court docket. Appellants have established no legitimate basis for this court to reject this finding of fact; moreover, the testimony of the clerk establishes the order was entered in substantial compliance with OCGA §§ 9-11-58 (b) and 15-9-37.

2. Appellants' third original enumeration of error refers to an alleged order, dated June 23, 1992; however, they provide no citations of authority or argument in their briefs concerning such an order. Accordingly, any issue regarding the filing of such order and its entry by the clerk of the probate court has been abandoned. Court of Appeals Rule 15 (c) (2). Moreover, appellants' argument pertaining to some other order, under this particular enumeration, cannot be considered as one cannot expand the scope of review or supply additional issues through a process of switching, shifting, and mending your hold; statements in appellate briefs cannot expand the scope of review to include issues not reasonably contained within the enumeration under consideration. *City of College Park v. Ga. Power Co.*, 188 Ga. App. 223 (372 SE2d 493).

Subsequently, appellants filed a purported amendment of enumeration of errors after the extension of time granted by this court for the filing of enumerations of error had passed. It is well-established that an enumeration of error may not be amended after the original filing time has expired. *Brown v. State*, 198 Ga. App. 590 (4) (402 SE2d 341), and cases cited therein. However, to the limited extent appellants intended to assert and argue that the order of March 4, 1992, was not duly entered, see Division 1 above.

3. Appellants assert the trial court erred by dismissing the "de novo" appeal from the probate court on the grounds it was untimely. In view of our holding in Division 1 above, the appeal to the superior court was filed more than 30 days after the *entry* of the probate court's final order, but less than 30 days from the filing and entry of the order denying appellant's motion for new trial or, in the alternative, motion to amend judgment. Accordingly, the notice of appeal would be untimely and the appeal would have to be dismissed (see generally OCGA §§ 5-5-1 (a) and 5-3-20 (a); *King v. King*, 137 Ga. App. 251 (223 SE2d 752)), unless the time for the notice of appeal commenced to run from the date of entry in the probate court of the order denying appellant's motion for new trial or, in the alternative, motion to amend judgment.

(a) In 1954, the Supreme Court in *Byrd v. Riggs*, 210 Ga. 473 (3) (80 SE2d 785), construed then Code Ann. § 70-101, and held that the court of ordinary lacked jurisdiction to entertain a motion or extraordinary motion for new trial, as only superior courts and city courts can grant new trials. In 1984, this court construed the then current provisions of OCGA § 5-5-1 and followed the holding in *Byrd*, supra, and concluded that whether the motion was designated a motion to set aside or a motion for new trial, the probate court lacked jurisdiction to entertain it. *In re Lott*, 171 Ga. App. 25 (318 SE2d 688). It was further held that "[o]n appeal, the jurisdiction of the superior court was limited to that of the probate court." *In re Lott*, supra at 26. However, effective July 1, 1986 (Ga. L. 1986, p. 982, § 4), OCGA § 5-5-1 (b) was modified by adding subsection (b) thereto, as follows: "(b) Probate courts shall have power to correct errors and grant new trials in civil cases provided for by Article 6 of Chapter 9 of Title 15 under such rules and procedures as apply to the superior courts." The statutory provisions of Article 6 currently include OCGA §§ 15-9-120 through 15-9-127.

Pretermitting whether the case at bar constituted a "civil case" within the meaning of OCGA § 15-9-120 (1) is that the statutory term, "probate court," is strictly limited by definition in OCGA § 15-9-120 (2) to include only a probate court of a county having a population of more than 100,000 persons according to the United States decennial census of 1980 or any future such census, and in which the judge thereof has been admitted to the practice of law for at least seven years. Troup County does not have a population of more than 100,000 persons according to either the 1980 or 1990 decennial census. OCGA Volume 42, p. 348 (1992 cumulative supp.). Accordingly, the Troup County probate court lacked authority to entertain a motion for new trial, and any such motion therefore being without legal force and effect before the Troup County probate court, would not serve to extend the time for filing a notice of appeal under either OCGA § 5-

6-38 (a) or § 5-3-20. *Byrd*, supra; *In re Lott*, supra. "Where a motion for new trial is not a proper vehicle for review of a trial court's action, the motion has no validity and will not extend the time for filing the notice of appeal." *Pillow v. Seymour*, 255 Ga. 683, 684 (341 SE2d 447), citing, inter alia, *Shine v. Sportservice Corp.*, 140 Ga. App. 355 (231 SE2d 130) (motion for new trial not proper vehicle to obtain re-examination of grant of summary judgment and did not extend filing date of notice of appeal). *Reid v. Reid*, 201 Ga. App. 530 (411 SE2d 754) (an appeal arising from a grant of summary judgment) is distinguishable as Richmond County has a census population in excess of 100,000 within the meaning of OCGA § 5-5-1 (b).

(b) Appellants, however, enumerate that the trial court erred by ruling against appellants and in failing to address their contentions that the probate court had authority to entertain and rule upon a timely motion to *amend* judgment, that is to amend its own order of March 4, 1992. The motion for new trial and alternative motion to amend judgment were entered on March 6, 1992 (compare OCGA § 15-9-83).

(1) Every court has the general power to amend and control its processes and orders so as to make them conformable to law and justice; to amend its own records so as to make them conform to the truth; and to correct its own proceedings before final judgment. OCGA § 15-1-3 (6) and (7). A probate court is included within the term "[e]very court," and thus is vested with the general powers of OCGA § 15-1-3, unless otherwise limited by law.

(2) For reasons stated in Division 3 (a) above, denial of a motion for new trial would not extend the date for filing the notice of appeal. The question then becomes whether the alternative motion was denied, and whether such a denial would serve to extend the filing date.

(3) The order of the probate court reflects on its face that "the motion for new trial or in the alternative motion to amend judgment is denied." This order establishes that both motions were denied on March 27, 1992, by the probate court. The order of the trial court, dated June 23, 1992, makes express reference to the caveators' pleading styled " 'motion for new trial or in the alternative motion to amend judgment.' " Inherent within the trial court's ruling that the notice of appeal was untimely since OCGA § 5-3-20 provides "[a]ppeals to the superior court shall be filed within 30 days of the date the judgment, order or decision complained of was entered," is a determination that neither a motion for new trial nor a motion to amend judgment would extend the filing date.

(4) Appellants assert, inter alia, that, pursuant to the provisions of OCGA §§ 5-3-2 (a) and 5-3-20 (a) their motion in the alternative to amend judgment is an appealable *decision*, and that accordingly the notice of appeal was timely filed.

A motion to amend judgment does not inherently include vacation or setting aside of the entire judgment at issue; rather, it constitutes a motion for some form of modification thereof. Cases pertaining to the vacation of judgment for fraud or other illegality are distinguishable and not controlling.

Notwithstanding the broad language of OCGA § 5-3-2 pertaining to the appealability of "any decision" from the probate court (except an order appointing a temporary administrator), this court has concluded that "[t]his [statutory provision] has been interpreted to apply only to final judgments rendered by the probate court." *Sears v. State*, 196 Ga. App. 207 (396 SE2d 1), citing *Harnesberger v. Davis*, 86 Ga. App. 41, 46 (1) (70 SE2d 615). Examination of the motion to amend judgment here at issue establishes that it is in substance and function a motion for reconsideration by the probate court of that portion of its final judgment purporting to award year's support equivalent to the schedule of property set forth in applicant's petition, and that upon such reconsideration to correct a portion of the year's support award by modifying it "to reflect the amounts claimed as proven in the evidence." An appeal from a motion to amend judgment of a probate court is not a final judgment (see *Sears*, supra) and thus, is not an appealable decision within the meaning of OCGA § 5-3-2 (a). Cf. *LeCraw v. L. P. D., Inc.*, 114 Ga. App. 281 (150 SE2d 927). Nor will such a motion extend the date for filing a notice of appeal under the plain and literal language of OCGA § 5-3-20 (a). The filing requirement of OCGA § 5-3-20 (a) is jurisdictional in nature. *Rowell v. Parker*, 192 Ga. App. 215 (384 SE2d 396). The trial court's judgment was correct and a judgment or decision right for any reason will be affirmed. *Shapiro v. Lipman*, 259 Ga. 85, 86 (377 SE2d 673). OCGA § 5-3-2 contemplates an orderly progressive appellate process, and not a delaying, costly, and cumbersome shuttling of cases back and forth between two courts. *Sears*, supra at 208. Our holding supports the continuation of the former. Moreover, as above concluded, appellants could not directly obtain an extension of the notice of appeal filing date by means of a motion for new trial. The argument posed by appellants that the filing of an alternative motion to amend judgment would authorize such an extension merely is an indirect attempt to obtain that which is directly prohibited by the current state of the law. One cannot do indirectly that which the law does not allow to be done directly. See *Kingsmill Village &c. Assn. v. Homebanc &c. Bank*, 204 Ga. App. 900, 902 (2a) (420 SE2d 771).

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED MARCH 12, 1993 —
RECONSIDERATION DENIED MARCH 24, 1993

*Louis Levenson*, for appellants.
*Wyatt, Solomon & Kendinger, Jackie M. Kendinger*, for appellee.