64199. LINCOLN LOG HOMES MARKETING, INC. v. HOLBROOK et al.

McMURRAY, Presiding Judge.
In February 1979 Lincoln Log Homes Marketing, Inc., a division of Log Systems, Inc., as the manufacturer of a large variety of precut homes entered into a distributorship agreement for the sale of its log homes with Lincoln Log Homes of Georgia, Inc. granting it a geographical area and agreeing not to appoint any other distributor for the products in that geographical area. In turn, the distributor entered into a dealership arrangement with Wilderness Lands Company with reference to the sale of the products. Thereafter, the dealer entered into a purchase contract with Norris Holbrook for the purchase of a log home package (an order for same approved by both dealer and distributor) upon certain terms and conditions set forth and paid for same with two checks in the total sum of $21,350. A part

of the package was shipped, and the log home assembled, but Lincoln Log Homes of Georgia, Inc. failed to pay the manufacturer for the package. Thereafter, affidavits were executed by the dealer by Sid Gunter of Wilderness Lands Company, and by David M. Greene of Lincoln Log Homes of Georgia, Inc. deposing that Norris Holbrook had paid for the construction improvements, the said sworn statements being made in conformity to Code Ann. § 67-2001 (Ga. L. 1953, pp. 582, 583; 1956, pp. 185-187; 1956, pp. 562, 565; 1978, pp. 243, 244), that is, "that the agreed price or reasonable price thereof [had] been paid."

Thereafter, Lincoln Log Homes Marketing, Inc., the manufacturer, filed a claim of lien against property of Norris Holbrook and Eddie R. Holbrook advising them of same by certified mail. Whereupon, counsel for the Holbrooks notified counsel for the manufacturer that the contract price had been paid in full and that any lien or claim for said materials was thereby discharged and demand was made for immediate satisfaction of the materialman's lien on the property, but the claim of lien was not removed.

Lincoln Log Homes Marketing, Inc. then proceeded to file an action to foreclose the lien filed against the defendants Eddie R. Holbrook and Norris Holbrook, contending therein that it had theretofore commenced a civil action against Lincoln Log Homes of Georgia, Inc. which was duly prosecuted to judgment.

The defendants answered, admitting jurisdiction, ownership of the property which had the lien filed against it, the purchase of materials from Lincoln Log Homes of Georgia, Inc. by defendant Norris Holbrook which he had paid for in full, but otherwise denied the claim or any contractual arrangement with the plaintiff for the furnishing of the materials in connection with the improvement of the real property or that there was any contract with Lincoln Log Homes of Georgia, Inc. to make improvements. They also filed a counterclaim against the plaintiff that the claim of lien was invalid having been discharged by the affidavits of the dealer and distributor and that they had been unable to secure certain financing with reference to the property, seeking special and general damages and reasonable attorney fees against the plaintiff. By amendment to their counterclaim the defendants set forth that the claim of lien was false as said improvements on their property had been paid for, that statements in the claim of lien were not true and the actions of the plaintiff were malicious in encumbering their property.

The case proceeded to trial, and the defendants' motion for directed verdict was granted, that is, that the plaintiff was the supplier of the supplier, and the defendants having purchased from the dealer/distributor of the plaintiff, the claim of lien was invalid.

Plaintiff's motion for directed verdict on the counterclaim with reference to the slander of the defendants' title by reason of the encumbrance was denied. The jury returned a verdict in favor of the defendants for $15,000 and legal fees in addition to the direction of the verdict against the plaintiff on the main action. Judgment was then rendered against the plaintiff in favor of the defendants in the amount of the jury verdict, plus attorney fees in the amount of $3,000, and the clerk of superior court where the claim of lien was filed was directed to cancel it of record. The plaintiff appeals. *Held:*

1. Plaintiff's first contention is that the counterclaim was not timely filed. This complaint is not well taken inasmuch as the defendants' counterclaim for relief was amendable to set forth its complaint with particularity as to the elements of slander of title. See Code § 105-1411. Under the Civil Practice Act we are no longer concerned with issue pleadings, but have substituted notice pleadings with reference to the filing of all claims. See *Byrd v. Ford Motor Co.,* 118 Ga. App. 333 (2) (163 SE2d 327). Plaintiff's argument that the amendment set forth an entirely new claim is not correct in that the original counterclaim was based upon the false claim of lien (slander of title) and damage to reputation and financial standing in impugning defendants' title to the real property. The amendment merely amplified the slander of title claim.

2. The evidence showed that the plaintiff had contracted with its distributor (which distributor had Wilderness Lands Company as its dealer) with reference to title and distribution of its products, and the jury was authorized to determine that plaintiff well knew that its claim of lien was false, being a supplier of a supplier. Having made a false statement in its claim of lien, that is, that the defendants had not paid for certain materials and contending its distributor was defendants' agent, the trial court did not err in denying the plaintiff's motion for directed verdict as to the counterclaim. See Code § 105-706; *Schoen v. Maryland Cas. Co.,* 147 Ga. 151, 153 (93 SE 82); *Montgomery v. Pacific & Sou. Co.,* 131 Ga. App. 712, 717 (206 SE2d 631), affd. s.c. 233 Ga. 175 (210 SE2d 714); *Georgia-Pacific Corp. v. Dan Austin Properties,* 126 Ga. App. 191 (190 SE2d 131), affd. s.c. 229 Ga. 803 (194 SE2d 472). A claim of lien is an encumbrance of the title to real estate. See in this connection Code Ann. § 67-2002 (Ga. L. 1952, pp. 291, 292; 1953, pp. 582, 584, 585; 1956, pp. 185, 188, 189; 1956, pp. 562, 566-568; 1960, pp. 103, 104; 1967, p. 456; 1968, pp. 317, 318; 1977, p. 675; 1981, p. 846) and Black's Law Dictionary, Fourth Edition, that a lien is an encumbrance to the title to real property. Further, there was evidence authorizing a jury verdict on defendants' counterclaim on the issue of damages for impugning (filing a false claim) the title to the property.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

Decided September 21, 1982.

*Frank A. Lightmas, Jr., Diane A. Heim,* for appellant.
*W. R. Robertson III,* for appellees.