## 41489. STEWART v. WALTON et al.
### (326 SE2d 738)

WELTNER, Justice.

Homer Stewart filed a suit for libel against Judd Publishing Company and others. In addition to seeking money damages, he sought to enjoin all of the defendants from transferring and concealing their assets, asserting in his complaint: "The defendants are transferring assets, moving assets, selling assets, hiding assets, selling corporations, dissolving corporations and businesses, and other similar acts to cheat, swindle, defraud, etc. the plaintiff of the damages he has suffered from the acts of the defendants and deprive the plaintiff of a judgment that is collectable."

Judd counterclaimed for libel on the basis of this paragraph in the complaint. He then moved for summary judgment on the com-

plaint, as did Stewart on Judd's counterclaim. The trial court denied Stewart's request for injunction, denied his motion for summary judgment on the counterclaim, and denied Judd's motion for summary judgment on the complaint.

1. Equity will grant relief only where there is available no adequate and complete remedy at law. *Cantrell v. Henry County*, 250 Ga. 822 (301 SE2d 870) (1983). Under the record of this case, Stewart's action for money damages provides an adequate remedy at law. Thus, there was no abuse of discretion in the trial court's denial of the injunction, and we affirm that portion of the order. *MARTA v. Wallace*, 243 Ga. 491 (254 SE2d 822) (1979).

2. OCGA § 51-5-8 states: "All charges, allegations, and averments contained in regular pleadings filed in a court of competent jurisdiction, which are pertinent and material to the relief sought, whether legally sufficient to obtain it or not, are privileged. However false and malicious such charges, allegations, and averments may be, they shall not be deemed libelous." Allegations made in pleadings, which are relevant to relief sought are, at all times and without exception, *absolutely* privileged. *Dixie Broadcasting Corp. v. Rivers*, 209 Ga. 98 (70 SE2d 734) (1952).

The wisdom of so broad a privilege lies in the recognition that, without it, every complaint filed could generate a counterclaim for defamation. The privilege is intended "for the promotion of the public welfare, the purpose being that members of the legislature, judges of courts, jurors, lawyers, and witnesses may speak their minds freely and exercise their respective functions without incurring the risk of a criminal prosecution or an action for the recovery of damages." *Fedderwitz v. Lamb*, 195 Ga. 691, 696 (25 SE2d 414) (1943).

The principals of Judd Publishing Company doubtless were outraged at the serious charges of Stewart's complaint. Those allegations, however fanciful or malicious, were nonetheless "pertinent and material to the relief sought," i.e., the conservation of assets.

Stewart's motion for summary judgment on the counterclaim should have been granted.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED MARCH 5, 1985.

Homer H. Stewart, *pro se.*
*Walter H. Bush, Jr., Charles Jeffrey Liipfert,* for appellees.