A89A1923. HORN et al. v. SMITH & MERONEY, P.C. et al.
(390 SE2d 272)

CARLEY, Chief Judge.

When George Horn died in an airplane crash, he was survived by his wife and by appellant-plaintiffs, his parents. His wife secured the legal services of appellee-defendants to bring a wrongful death action. After the wrongful death claim was settled, appellants filed this legal malpractice action against appellees, alleging a deviation from the applicable standard of care in pursuing the wrongful death claim. Appellees answered and subsequently moved for summary judgment. The trial court granted appellees' motion and appellants appeal.

1. "'"It is generally held that an attorney-client relationship must be demonstrated before a plaintiff may recover in a legal malpractice suit. . . . This is essential in establishing the element of duty that is necessary to every lawsuit based upon a theory of negligence. . . ."' Accordingly, the threshold question in the case sub judice is whether or not there was an attorney-client relationship' between the appellants and [appellees]. [Cit.]" *Moore v. Harris*, 188 Ga. App. 251, 252 (372 SE2d 654) (1988).

"The relationship of attorney-client may be expressly created by written contract, or may be inferred from the conduct of the parties. [Cit.] Although '(g)enerally, the test of employment is the fee,' [cits.],

the basic question in regard to the formation of the attorney-client relationship is whether it has been sufficiently established that advice or assistance of the attorney is both sought and received in matters pertinent to his profession. [Cit.]" *Huddleston v. State*, 259 Ga. 45, 46-47 (1) (376 SE2d 683) (1989). In their depositions, appellants acknowledged that they never paid any legal fees to appellees and never sought any legal advice from them. Likewise, appellants never informed appellees that they were relying upon them for legal advice, and they admit that they have always understood that appellees were the legal representatives of their son's widow. Except for one brief period of time, appellants have been represented by counsel of their own choosing in connection with their legal rights as surviving parents of their deceased son. Thus, "[t]he evidence demanded a finding that no attorney-client relationship existed, . . . in the classic sense of the term. [Cit.]" *Moore v. Harris*, supra at 252-253. It follows that the trial court correctly granted summary judgment in favor of appellees.

2. Appellants' remaining enumerations of error have been considered and found to be either moot or without merit.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JANUARY 8, 1990 —
REHEARING DENIED JANUARY 23, 1990 — 

George Horn, *pro se.*
Ferrell Horn, *pro se.*
*Arnall, Golden & Gregory, Karen B. Bragman, Jeffery M. Smith,* for appellees.