A90A1819. TOWER FINANCIAL SERVICES, INC. v. MAPP et al.
(402 SE2d 286)

CARLEY, Judge.

The relevant facts in the instant appeal are as follows: Johnny Lee Mapp died intestate. He was survived by his wife, Mrs. Beatrice Mapp, and by appellee-plaintiffs, his three children from a previous marriage. After the death of her husband, Mrs. Mapp applied for a loan from appellant-defendant. In connection with her application for the loan, Mrs. Mapp misrepresented that she held title in fee simple absolute as to certain realty inherited from her late husband. Appellant made the loan to Mrs. Mapp and took back a security deed to the property whereby she purported to convey fee simple absolute. Appellant recorded its security deed. After this transaction between appellant and Mrs. Mapp, appellees filed the instant tort action, al-

leging that appellant had negligently or wrongfully interfered with their interests in the realty. The case was tried before a jury and a verdict awarding appellees compensatory damages, punitive damages, and attorney's fees was returned. Appellant appeals from the judgment that was entered by the trial court on the jury's verdict.

1. Appellant enumerates the general grounds, urging that the evidence will not authorize a finding of its tort liability to appellees.

The evidence shows that, prior to making the loan to Mrs. Mapp, appellant commissioned an attorney to conduct a title search on its behalf. This title search failed to disclose the existence of appellees' interests in the property. Appellees urge that appellant's tort liability can be premised upon this allegedly negligent title search. However, the purpose of appellant's commission of the title search was exclusively to protect its own interests as a potential lender and there obviously is no evidence that appellees themselves otherwise relied to their detriment upon the results of that title search. See generally *Badische Corp. v. Caylor*, 257 Ga. 131 (356 SE2d 198) (1987); *American Mut. Liability Ins. Co. v. Jones*, 157 Ga. App. 722 (278 SE2d 410) (1981). If the title search was negligently conducted, it is appellant who was injured by its reliance thereon, insofar as appellant would not have the anticipated security for its loan to Mrs. Mapp.

It is of no consequence to appellant's tort liability that the title search was conducted by an attorney who was employed by it. Appellant *could* be held vicariously liable to appellees for the negligence of its employee *if* its employee had violated a duty that he owed to appellees. OCGA § 51-2-1. However, even assuming that the attorney was an employee rather than an independent contractor, it is clear that, in conducting the title search, he owed a duty to protect appellant's interests as a secured party, but he had no duty to appellees. See generally *Horn v. Smith & Meroney, P. C.,* 194 Ga. App. 298 (390 SE2d 272) (1990).

Appellees further urge that their recovery in tort can be premised upon appellant's unlawful interference with their realty in violation of OCGA § 51-9-1. However, there is no evidence that appellant ever interfered with appellees' possessory interests in the realty. Compare *Orr v. Floyd*, 95 Ga. App. 401 (97 SE2d 920) (1957). Appellant's only act was to record a security deed from Mrs. Mapp. It is undisputed that Mrs. Mapp *was* appellant's debtor and that she *did* have an interest in the property. Thus, appellant's act of filing the security deed could be "wrongful" towards appellees only insofar as the security deed erroneously purported to convey to appellant a greater interest in the realty than Mrs. Mapp in fact owned. However, this error in the security deed had no legal effect whatsoever on appellees' actual title to the property. See *Copelin v. Williams*, 152 Ga. 692 (1) (111 SE 186) (1922). "A tenant in common cannot convey a greater inter-

est than he owns, and his deed will be treated as conveying only his undivided interest even though it may purport to convey the entire fee." Pindar, Georgia Real Estate Law, § 7-84, pp. 300-301 (3d ed.). The erroneous security deed itself might constitute a cloud on appellees' title which could be removable at equity, but the mere act of filing the deed clearly would not be actionable in tort unless it constituted a slander on appellees' title in violation of OCGA § 51-9-11. See *Weyman v. City of Atlanta*, 122 Ga. 539 (50 SE 492) (1905). However, there is no evidence that, in filing the security deed, appellant acted with malice. See *Harmon v. Cunard*, 190 Ga. App. 19 (378 SE2d 351) (1989). Compare *Lincoln Log Homes Marketing v. Holbrook*, 163 Ga. App. 592, 594 (2) (295 SE2d 567) (1982).

Construing the evidence most favorably for appellees, the most that was arguably shown was that appellant filed an erroneous security deed which created a cloud on appellees' co-tenancy in the property. There is absolutely no evidence to authorize a finding that, in so doing, appellant incurred any liability in tort to appellees. It follows that the judgment must be reversed.

2. Appellant's remaining enumerations of error are moot.

*Judgment reversed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JANUARY 28, 1991 —
REHEARING DENIED FEBRUARY 13, 1991.

*Glass, McCullough, Sherrill & Harrold, E. Paul Sabiston, R. Phillip Shinall III, Terrance McQuade, Betsy B. McCall*, for appellant.

*Antonio L. Thomas & Associates, Antonio L. Thomas, Kendall & Kendall, Alvin L. Kendall*, for appellees.