## A03A0918. SIMMONS v. FUTRAL.
### (586 SE2d 732)

BLACKBURN, Presiding Judge.

J. E. Simmons appeals the trial court's grant of summary judgment to defendant Thomas W. Futral in this defamation and slander of title action, contending that the trial court erred in determining that the language contained in Futral's surveyor's lien is absolutely privileged under OCGA § 51-5-8. While the statements in the lien here are not absolutely privileged, we affirm this ruling because Simmons failed to establish the falsity of the lien statements.

Simmons also sought to cancel the lien, and Futral counterclaimed to enforce it. Each filed motions for summary judgment. Based on its determination that Futral had failed to file notice of his intent to enforce his lien as required by OCGA § 44-14-361.1 (a) (3), the trial court denied Futral's motion for summary judgment on Simmons's complaint to cancel the lien and granted Simmons's motion for summary judgment on Futral's counterclaim to enforce it. The issue of the lien's enforceability was not raised on appeal, and we do not address it here.

We review de novo a trial court's grant of summary judgment. *JarAllah v. Schoen.*[1] To prevail at summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the nonmovant's favor, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A defendant who will not bear the burden of proof at trial need only show an absence of evidence to support an essential element of the nonmoving party's case. "If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue." *Lau's Corp. v. Haskins.*[2]

Viewed in this light, the evidence shows that Simmons hired Futral to survey and subdivide three lots owned by him. Later, Simmons became dissatisfied with Futral's work and disputed Futral's fees. As a result, Futral recorded a surveyor's lien for $3,500 on all three lots, ostensibly pursuant to OCGA § 44-14-361.1 (a) (2). Simmons then filed suit against Futral, seeking, among other things, damages for defamation of title under OCGA § 51-9-11 and for libel and libel per se, claiming the liens were "false" because he had allegedly already paid for Futral's services on Lots 46 and 51, two of the lots surveyed.

OCGA § 51-5-8 grants absolute privilege from suit for defamatory statements made in "[a]ll charges, allegations, and averments

[1] *JarAllah v. Schoen*, 243 Ga. App. 402, 403 (531 SE2d 778) (2000).
[2] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

contained in regular pleadings filed in a court of competent jurisdiction, which are pertinent and material to the relief sought, whether legally sufficient to obtain it or not, are privileged. However false and malicious such charges, allegations, and averments may be, they shall not be deemed libelous." Id. The doctrine of absolute privilege, which denies an otherwise basic legal right, is premised on public policy issues. *Fedderwitz v. Lamb*.[3] As our Supreme Court stated,

> [t]he wisdom of so broad a privilege lies in the recognition that, without it, every complaint filed could generate a counterclaim for defamation. The privilege is intended "for the promotion of the public welfare, the purpose being that members of the legislature, judges of courts, jurors, lawyers, and witnesses may speak their minds freely and exercise their respective functions without incurring the risk of a criminal prosecution or an action for the recovery of damages."

*Stewart v. Walton*[4] (quoting *Fedderwitz,* supra). On the other hand, "it is the policy of this state to restrict the rule of absolute privilege in the law of libel to 'narrow and well-defined limits,' " *Davis v. Shavers*[5] (quoting *Fedderwitz,* supra at 697), specifically including statements made in "official court documents" and "acts of legal process." *Williams v. Stepler*.[6] Generally, a statement will only be absolutely privileged if at least a quasi-judicial review is otherwise available to determine its truth. *Davis,* supra. The questions now before this Court are whether and to what extent the privilege afforded by OCGA § 51-5-8 applies to statements made in a surveyor's lien.

Two Court of Appeals of Georgia cases have addressed similar factual situations, reaching different results. In *Carl E. Jones Dev. v. Wilson,*[7] decided in 1979, we held that the absolute privilege of OCGA § 51-5-8 does not apply to an allegedly defamatory mechanic's lien. In so holding, we cited *Shirah Contracting Co. v. Waite*[8] for the proposition that a lien is not a pleading, but is merely evidence. *Carl E. Jones Dev.,* supra at 681. However, the *Shirah* case addressed whether a lien is a pleading for purposes of the Civil Practice Act, and it has since been made clear that "we have not strictly limited the privilege under OCGA § 51-5-8 to 'pleadings' as they are defined under OCGA § 9-11-7 (a)." *Williams,* supra at 595 (3). See, e.g., *Bell v.*

---

[3] *Fedderwitz v. Lamb*, 195 Ga. 691, 696 (25 SE2d 414) (1943).

[4] *Stewart v. Walton*, 254 Ga. 81, 82 (2) (326 SE2d 738) (1985).

[5] *Davis v. Shavers*, 269 Ga. 75, 76 (495 SE2d 23) (1998).

[6] *Williams v. Stepler*, 227 Ga. App. 591, 595 (3) (490 SE2d 167) (1997).

[7] *Carl E. Jones Dev. v. Wilson*, 149 Ga. App. 679 (255 SE2d 135) (1979).

[8] *Shirah Contracting Co. v. Waite*, 143 Ga. App. 355 (238 SE2d 728) (1977).

*Anderson*[9] (certain statements made during trial); *Berger v. Shea*[10] (valid lis pendens, as mere notice and republication of a filed, privileged complaint).

In the 1990 case of *Eurostyle, Inc. v. Jones*,[11] on the other hand, we held "that Eurostyle's filing of the lien and action to enforce the lien were privileged under OCGA § 51-5-8." While these cases seem to create a conflict, their holdings are very generally worded and their facts are distinguishable. Viewed in the light of related Georgia precedent and with guidance from our sister states, they can be reconciled to hold that a surveyor's lien becomes absolutely privileged only after certain procedural steps are taken to further formalize it.

This approach is consistent with the reasoning of courts in several other states. In New Jersey and Alabama, a lien does not become absolutely privileged until a lawsuit is commenced to enforce it, thus deeming it part of a judicial proceeding. *Peters Well Drilling Co. v. Hanzula*;[12] *Sisson v. J. F. Day & Co.*[13] In Virginia, liens are absolutely privileged, but only when verified. *Donohoe Constr. Co. v. Mount Vernon Assoc.*[14] The South Dakota Supreme Court, in *Gregory's, Inc. v. Haan*,[15] explained why a lien standing alone should not be afforded the absolute privilege:

> "[A] materialman's lien may be ancillary to judicial action — the filing is a prerequisite to a lien foreclosure. Still, a lawsuit will not necessarily follow from filing a lien and often does not. Yet the lien may remain a valid encumbrance on the property for many years and the property owner must take action to force its removal. We conclude the filing of [a] materialman's lien is not a judicial proceeding, so [only the conditional privilege applies]."

(Citations omitted.) Id. at 493-494.

In Georgia, a land surveyor has a lien on any real property for which he furnishes labor. OCGA § 44-14-361. To perfect and enforce that lien, the surveyor must take several formal procedural steps. He must (1) file it in the records of the superior court where the property is located within three months of completing the work, (2) notify the property owner that he has filed the lien, and (3) file suit to enforce the lien within twelve months of the date the claim is due. None of

---

[9] *Bell v. Anderson*, 194 Ga. App. 27, 28 (389 SE2d 762) (1989).

[10] *Berger v. Shea*, 150 Ga. App. 812 (258 SE2d 621) (1979).

[11] *Eurostyle, Inc. v. Jones*, 197 Ga. App. 188 (2) (397 SE2d 620) (1990).

[12] *Peters Well Drilling Co. v. Hanzula*, 242 N.J. Super. 16 (575 A2d 1375) (1990).

[13] *Sisson v. J. F. Day & Co.*, 619 S2d 1339 (Ala. 1993).

[14] *Donohoe Constr. Co. v. Mount Vernon Assoc.*, 235 Va. 531 (369 SE2d 857) (1988).

[15] *Gregory's, Inc. v. Haan*, 545 NW2d 488, 1996 SD 35 (1996).

these filings must be verified. However, within 14 days of filing suit, the lien claimant must file notice of the suit, and that notice must be made under oath. OCGA § 44-14-361.1 (a) (3). If the lien is not perfected by suit and verified notice within 12 months of the contested bill's due date, the property owner may petition to have the lien cancelled. OCGA § 44-14-362.

Taking into account the principles and precedents stated by Georgia's appellate courts, the varying approaches of our sister states, and our own lien statutes, we find that a lien is not a pleading for purposes of OCGA § 51-5-8, and statements made within it are not afforded absolute privilege, *until* the lien becomes attached to a lawsuit and *verified* notice of the suit is filed under OCGA § 44-14-361.1. At that point, the lien becomes an act of legal, or judicial, process, *Williams*, supra, and achieves the formality, solemnity, and status of sworn testimony. The facts of this case further illustrate why liens should not be afforded absolute privilege until all procedural requisites are met. Here, because Futral never fulfilled his procedural requisites, his suit was dismissed before the truth or falsity of his statements could be determined. Only *after* Futral committed himself by swearing under oath to the truth of his statements, the final procedural hurdle, would a suit on the merits be otherwise available to Futral.

We hold that, because Futral never filed a verified notice following the filing of his counterclaim, the statements made in his lien are not subject to the absolute privilege of OCGA § 51-5-8, but only to the conditional privilege of OCGA § 51-5-7. See *F. S. Assoc., Ltd. v. McMichael's Constr. Co.*[16] In ruling that liens are absolutely privileged under OCGA § 51-5-8, the trial court acknowledged the apparent split of authority between *Carl E. Jones Dev.*, supra, and *Eurostyle, Inc.*, supra, and purported to follow our holding in *Eurostyle, Inc.* as the more recent case. However, because *Eurostyle, Inc.*, correctly interpreted, stands for the proposition that liens are absolutely privileged only when legitimately part of a valid suit to enforce them, we conclude that the trial court misapplied this precedent.

Futral argues that statements in liens should be absolutely privileged under OCGA § 51-5-8 as a matter of public policy because filing such a lien is a statutory prerequisite to bringing a complaint to enforce it. See OCGA § 44-14-361.1 (a) (2). That reasoning was recently rejected by this Court in the context of filed foreclosure notices prepared in accordance with statutory requirements. See *Boaz v. Latson*[17] (physical precedent only). Furthermore, we note that

---

[16] *F. S. Assoc., Ltd. v. McMichael's Constr. Co.*, 197 Ga. App. 705 (399 SE2d 479) (1990).
[17] *Boaz v. Latson*, 260 Ga. App. 752 (580 SE2d 572) (2003).

while filing the lien is necessary in order to sue to enforce it, a lawsuit does not necessarily follow from filing a lien, yet the lien may remain an encumbrance on the property for 12 months.

Although we find that the statements in Futral's lien are not absolutely privileged, we must affirm the trial court's grant of summary judgment because Simmons failed to present evidence of falsity necessary to support his prima facie case for defamation, libel, and libel per se. *Hanna v. McWilliams*[18] (summary judgment right for any reason must be affirmed).

Defamation of title requires: (1) publication of slanderous or libelous words; (2) with malice; (3) causing special damages; and (4) regarding property in which the plaintiff has an ownership interest. OCGA § 51-9-11. A false lien may support a cause of action for defamation of title under OCGA § 51-9-11, *Daniels v. Johnson*,[19] but the statements in the lien must be false and the claimant must be aware of their falsity. *Lincoln Log Homes Marketing v. Holbrook*.[20] Similarly, libel requires proof of "a false and malicious defamation of another, expressed in print." OCGA § 51-5-1. The burden of proving falsity is on the plaintiff. *Jaillett v. Ga. Television Co.*[21]

The evidence is undisputed that Futral performed work on Lots 46 and 51 and was paid for it. However, the evidence is also undisputed that Futral later performed *additional* work on those lots at Simmons's request, and billed him accordingly. Simmons's verified complaint sets forth only conclusions that he fully paid his bill in regard to the work on those two lots, and his interrogatory responses indicate only that he was unhappy with some of Futral's work. Simmons has presented no evidence that he paid Futral for the additional work or that no payment was owing. In contrast, Futral has offered specific evidence of the additional work he performed at Simmons's request, and has referenced and attached copies of itemized bills and correspondence regarding that work in his interrogatory responses. Simmons's conclusory statements, although sworn, do not create a material issue of fact regarding the falsity of the statements in the lien. *McCarter v. La Hacienda Condo. Assn.*[22] Because Simmons's claims require a showing of falsity, they must fail.

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

---

[18] *Hanna v. McWilliams*, 213 Ga. App. 648, 651 (3) (446 SE2d 741) (1994).

[19] *Daniels v. Johnson*, 191 Ga. App. 70, 73 (2) (381 SE2d 87) (1989).

[20] *Lincoln Log Homes Marketing v. Holbrook*, 163 Ga. App. 592, 594 (2) (295 SE2d 567) (1982).

[21] *Jaillett v. Ga. Television Co.*, 238 Ga. App. 885 (520 SE2d 721) (1999).

[22] *McCarter v. La Hacienda Condo. Assn.*, 255 Ga. App. 68, 69-70 (564 SE2d 483) (2002).

DECIDED AUGUST 21, 2003.

*Neal H. Howard & Associates, Neal H. Howard, William D. James*, for appellant.
*Edward N. Davis*, for appellee.