to be of the value of $450. He obtained a verdict for $600 on June 12, 1891. The defendants moved for a new trial, which was granted unless the plaintiff would write off the excess of $450 as principal, with seven per cent. interest thereon from the date of filing the declaration to that of the verdict. To this ruling the plaintiff excepted. By cross-bill of exceptions the defendants alleged that the court erred in certain charges and refusals to charge set out in a motion for a new trial.

SIMMONS & CORRIGAN, for plaintiff.

COX & REED, for defendant.

---

WALLACE v. JOHNSON et al.

PRACTICE IN SUPREME COURT.

Where three creditors petition under the traders' act of 1881 for injunction and the appointment of a receiver, and the petition is granted after making a fourth creditor a party to the petition, one of the creditors cannot bring to this court a writ of error founded, not upon the judgment itself, but upon a reason given by the judge to the effect that in granting the injunction and receiver he did not consider this alleged creditor as having a valid debt, such reason being no adjudication of that question, and there being no order dismissing the petition as to any of the creditors. The statement of the judge as to his reason is no adjudication, final or otherwise, upon the rights of this particular creditor.

November 10, 1891.                    *Writ of error dismissed.*

SIMMONS & CORRIGAN, for plaintiff in error.

R. J. JORDAN, by brief, *contra.*

---

THE BRUNSWICK & WESTERN RAILROAD COMPANY v. THE MAYOR & COUNCIL OF THE CITY OF WAYCROSS et al.

There was no abuse of discretion in granting the injunction complained of.                    *Judgment affirmed.*

November 10, 1891.

Injunction. Railroads. Streets Dedication. Before Judge ATKINSON. Ware county. At chambers, August 21, 1890.