BIRD, trustee, *v.* GENERAL DISCOUNT CORPORATION *et al.*

DUCKWORTH, Justice. 1. Where the court after a hearing entered an interlocutory order containing "findings of fact and conclusions of law" to the effect that the defendant had not made out a case for the appointment of a receiver as prayed by it in its cross-action, and stating that the court would proceed no further with the appointment of a receiver, and where there was nothing in the record or order to indicate that the court intended to withhold judgment on the defendant's prayer for the appointment of a receiver, or to consider it further, the interlocutory order amounted to a denial of the defendant's prayer, and as such was subject to direct exceptions taken by the defendant. *Carnes* v. *Carnes,* 138 *Ga.* 1 (5) (74 S. E. 785); *Friedlander* v. *Friedlander,* 175 *Ga.* 477 (3) (165 S. E. 426).

2. A receiver should not be appointed to take possession of property unless it is clearly made to appear that a receiver is required in order to protect the rights of those interested in the property. Code, §§ 55-301, 55-303, 55-305. In the instant case, even if usury was involved as contended by the defendant, the evidence failed to disclose facts showing that the appointment of a receiver was necessary in order to protect the rights of the defendant pending the trial of that issue. The defendant's prayer for a receiver was properly denied.

3. Where the judge, at the conclusion of an interlocutory hearing on a petition for injunction and receiver, orally announced certain findings of fact and conclusions of law, favorable to the plaintiff, and indicated his intention to appoint a receiver, but in his formal order did not appoint a receiver or grant any of the other relief sought by the plaintiff, due to the fact (as stated therein) that the defendant had since the interlocutory hearing filed voluntary bankruptcy proceedings, and merely stated the "findings of fact and conclusions of law" for "the purpose of placing [them] upon the record," exceptions thereto by the defendant do not present any question for decision by this court. It is the judgment or decision of the court, and not opinions or reasons, that must be excepted to. *Farrow* v. *State,* 48 *Ga.* 30 (3); *Hitchcock* v. *Hamilton,* 184 *Ga.* 700 (192 S. E. 726). Findings of fact and conclusions of law on an interlocutory hearing, upon which the court bases no decision of the questions to be determined on such a hearing, do not constitute any adjudication, final or otherwise, upon the rights of the

parties. *Wallace* v. *Johnson*, 88 *Ga.* 68 (13 S. E. 836). Since the order excepted to did not grant the relief prayed for by the plaintiff, and the findings and conclusions of the court did not constitute an adjudication upon the rights of the parties to which exception could be taken, exceptions thereto by the defendant do not require any ruling by this court.

*Judgment affirmed. All the Justices concur.*

No. 14225. JULY 15, 1942.

*Thomas E. McLemore* and *George & John L. Westmoreland,* for plaintiff in error.

*Madison Richardson* and *Jones, Powers Williams & Dorsey,* contra.