LANIER *v.* GAY, next friend.

No. 14509. MAY 7, 1943.

*Fred T. Lanier,* for plaintiff in error. *Cohen Anderson,* contra.

REID, Chief Justice. This is a partition proceeding brought under the Code, §§ 85-1504 et seq., 85-1511, and upon allegations that the land involved could not be fairly and equitably divided by means of metes and bounds, for reasons stated in the petition. The prayer was for appointment of three commissioners and for sale of the entire tract, and that the proceeds be divided between the co-owners. Those named as defendants filed an answer to the petition, claiming that the plaintiffs were not co-owners and had no interest in the property. This issue turned upon the construction of a deed. The deed and certain affidavits were introduced, and the issues of law and fact made by the pleadings were submitted to the judge without a jury. The bill of exceptions recites that "After taking the matter under consideration the court, on the 6th day of January, 1943, entered his judgment in which he ruled that the said Tarzan Gay and Patsy Gay owned a one-half undivided interest in said lands described in said petition and were entitled to have partitioners appointed for the purpose of selling said lands." The "judgment," and the only one found in the record as specified and as referred to in the foregoing statement is merely an opinion entered by the court, in which, after discussing only the law questions arising from a consideration of the terms of the deed, the judge stated: "I think the deed conveyed a fee-simple estate or title to Lewis Gay, defeasible upon his dying without children, but opening to take in children born thereafter. I also think that Mrs. Taylor Johnson [who was originally named a party defendant but later, by order of court, was named a party plaintiff] would take a share in the estate, for the additional reason that she was born during the life-tenancy of the grantor and his wife, in keeping with the rule laid down in the case of *Nixon v. Nixon,* 192 *Ga.* 629 [15 S. E. 2d, 883], et seq." It does not appear that any partitioners were appointed as prayed, or that there was any order or judgment entered on the question of par-

tition itself, or that the sale of the lands as prayed was directed by the court. It will be noted that the bill of exceptions does not so recite, but that the only judgment therein referred to was the one quoted above. This court may only entertain a writ of error to a "final judgment," or to one which would have terminated the case if rendered as contended for by the complaining party (Code, § 6-701), unless it be one from certain interlocutory judgments. § 6-903.

In a partition proceeding where a division of lands among co-owners is sought by having, under the Code, § 85-1504, the lands divided by metes and bounds, "An order of the court adjudicating what are the respective interests of the parties in and to the realty involved, and appointing partitioners to divide the same in accordance therewith and make return to the court, is merely interlocutory." Berryman v. Haden, 112 Ga. 752, 758 (38 S. E. 53); English v. Poole, 31 Ga. App. 581, 583 (121 S. E. 589). In a case, such as the present one, where partition is sought by bringing the lands involved to sale, the objecting party may bring the case to this court by proper bill of exceptions after the judge has appointed commissioners and ordered them to sell the land. In Lochrane v. Equitable Loan & Security Co., 122 Ga. 433 (50 S. E. 372), it was held: "Where an application is made to the superior court for partition of land by sale, and the judge, after hearing evidence, appoints commissioners and orders them to sell the land, such judgment is so far final as to authorize the objecting party to bring the case to the Supreme Court by proper bill of exceptions." But, as shown above, this does not appear, either from the record before us or from the recitals in the bill of exceptions, to have been done, and we may not apply the treatment given in Sapp v. Adams, 65 Ga. 600, where the judgment was absent from the record but where it appeared from the bill of exceptions "that such a judgment had been rendered," and there would seem to be no reason to adopt the method provided in the Code, § 6-810, and give the directions there provided to the clerk of the lower court. Therefore the case must be dismissed. Bird v. General Discount Corporation, 194 Ga. 282 (3) (21 S. E. 2d, 651).

Writ of error dismissed. All the Justices concur.