39841. WILLIAMS et al. v. STUDSTILL et al.

HILL, Chief Justice.

From revolutionary times until 1976, the law was that joint tenancy as it existed at common law[1] was abolished in this state. 1777 Const. of Ga., § 51; Ga. L. 1828, Cobb's 1851 Digest, p. 545; *Lowe v. Brooks,* 23 Ga. 325 (1857).[2] This case involves an attempt to create a joint tenancy by will in 1970. The trial court held that a joint tenancy was created, but was destroyed by severance. This appeal followed.

Alice C. Studstill died in 1970, possessed of 750 acres of land in

---

[1] At common law an estate in joint tenancy, with right of survivorship, was created in any case where land was granted to two or more persons. The creation of the estate in two or more persons, without more, carried with it the right of survivorship. *Equitable Loan &c. Co. v. Waring,* 117 Ga. 599, 676 (44 SE 320) (1903). If a joint tenant conveyed his interest to another, the joint tenancy was severed and converted to a tenancy in common and the right of survivorship was defeated by the severance. 20 AmJur2d 108, Cotenancy and Joint Ownership, § 15.

[2] In 1976, the General Assembly provided that a true joint tenancy could exist in Georgia: "(a) Deeds and other instruments of title, including any instrument in which one person conveys to himself and one or more other persons, any instrument in which two or more persons convey to themselves or to themselves and another or others, and wills taking effect after January 1, 1977, may create a joint interest with

Dodge County, Georgia, which she devised as follows: "I give, bequeath and devise that track of land known as the Daniel Mill Pond Place . . . containing approximately 750 acres, to my children, James H. Studstill and Mary Ella S. Studstill [now Williams], *as joint tenants and not as tenants in common and to the survivor of them in fee simple.*" (Emphasis supplied.) By assent of the executors, this devise was executed in 1972.

In 1980, Mary Ella S. Studstill Williams conveyed her interest to her nephew, James Arthur Williams, reserving a life estate and timber rights to herself. In June 1982, James H. Studstill died testate leaving his widow, Louise, as his executrix and sole heir. In her suit against Mary Ella and James A. Williams, Louise claims a one-half interest in the property.

Louise contends that under the case law, a joint tenancy could be expressly created before the 1976 statute, that Mary Ella's deed to James severed the four unities required of a joint tenancy and created a tenancy in common, and that thereafter upon her husband's death, she inherited his interest in the tenancy in common. Mary Ella and James contend that the case law prior to the 1976 statute clearly establishes that although joint tenancies, as such, were abolished, the creation of a right of survivorship is not prohibited, and that the right of survivorship is enforceable where expressly created and is not destroyed by severance. The trial court found that the joint tenancy was converted into a tenancy in common by virtue of severance and found in favor of Louise.

The status of "joint tenancy" and "right of survivorship" in Georgia was clearly set out in *Equitable Loan &c. Co. v. Waring,* 117 Ga. 599, 676-77 (44 SE 320) (1903): "It is true that the common-law doctrine of survivorship among joint tenants was abolished by the constitution of 1777. *Lowe v. Brooks,* 23 Ga. 325; *Carswell v. Schley,* 56 Ga. 101, 108. See also *Bryan v. Averett,* 21 Ga. 402; *Harrison v. Harrison,* 105 Ga. 520. The code declares: 'Joint tenancy does not exist in this State, and all such estates, under the English law, will be held to be tenancies in common under this code.' Civil Code, § 3142. It

---

survivorship in two or more persons. Any instrument of title in favor of two or more persons shall be construed to create interests in common without survivorship between or among the owners unless the instrument expressly refers to the takers as 'joint tenants,' 'joint tenants and not as tenants in common,' or 'joint tenants with survivorship' or as taking 'jointly with survivorship.' *Any instrument using one of the forms of expression referred to in the preceding sentence or language essentially the same as one of these forms of expression shall create a joint tenancy estate or interest that may be severed as to the interest of any owner by his lifetime transfer of all or a part of his interest.*" Ga. L. 1976, p. 1388; Ga. L. 1980, p. 753; OCGA § 44-6-190 (Code Ann. § 85-1002).

follows therefore that wherever an instrument creates an estate which at common law would be held to be a joint tenancy, in this State the instrument would be held to take effect as to all its terms, except so far as it provided by implication for survivorship among the tenants, and such tenants would be held to occupy to each other, so far as this question is concerned, the relation of tenants in common. While the doctrine of survivorship as applied to joint tenancies has been distinctly abolished and does not exist in this State, there is no law of this State that we are aware of which prevents parties to a contract, or a testator in his will, from expressly providing that an interest in property shall be dependent upon survivorship. Of course all presumptions are against such an intention; but where the contract or will provides, either in express terms or by necessary implication, that the doctrine of survivorship shall be recognized, we know of no reason why a provision in the contract or will dependent upon such doctrine may not become operative under the laws of this State. While this question seems not to have been distinctly passed upon by this court, there are numerous cases in which the doctrine of survivorship has been recognized as being operative. Among the cases on this subject, see *Riordon v. Holiday,* 8 Ga. 79; *Benton v. Patterson,* Id. 146; *Dunn v. Bryan,* 38 Ga. 154; *Hooper v. Howell,* 50 Ga. 165, s.c. 52 Ga. 316; *Parrott v. Edmondson,* 64 Ga. 332; *Olmstead v. Dunn,* 72 Ga. 850. At common law an estate in joint tenancy, with the incident of survivorship, was created in any case where lands or tenements were granted to two or more persons, to be held in fee simple, fee tail, for life, for years, or at will. The mere creation of the estate in two or more persons, without more, drew to it the incident of survivorship. See 2 Bl. Com. 180. In Georgia the mere creation of the estate in two or more persons never draws to it survivorship as an incident, and the presumption is in all cases that survivorship was not intended. But where by express terms or necessary implication a survivorship is provided for, the law of Georgia allows it to exist." This rule has been followed consistently by this court and the Court of Appeals. E.g., *Epps v. Wood,* 243 Ga. 835, 841 (257 SE2d 259) (1979); *Wilson v. Brown,* 221 Ga. 273 (2) (144 SE2d 332) (1965); *Todd v. Williford,* 169 Ga. 543 (150 SE 912) (1929); *Spurlock v. Commercial Banking Co.,* 138 Ga. App. 892, 896 (227 SE2d 790) (1976), aff'd 238 Ga. 123 (1977); *Nash v. Martin,* 90 Ga. App. 235 (82 SE2d 658) (1954).

In his article entitled "Joint Tenancy in Georgia," 3 Ga. St. Bar. J. 29 (1966), William H. Agnor was critical of the decisions using the phrase "joint tenancy." He wrote: "The statement is made that a joint tenancy can be created by contract in Georgia. This is deceptive and inaccurate. The joint tenancy as known to the common law cannot be created. A right of survivorship somewhat like the survivorship of the

joint tenancy can be created, but it is a vastly different thing."

Referring to *Waring's* case, supra, Agnor said (at p. 30): "All that was suggested in *Waring's* case was that a right of survivorship could be created. This meant that property, real or personal, could be transferred to A and B so that they would hold as tenants in common until one of them died and at that time the survivor would take a fee simple. They held life estates and each of them had a contingent remainder interest in fee simple. Specifically, they held cross, alternative, contingent remainders. Neither A nor B acting alone could defeat the contingent remainder held by the other."

In *Todd v. Williford,* supra, 169 Ga. 543, a right of survivorship was recognized as having clearly established by the will of J. A. Todd in his wife, Narcissa, and daughter, Levannah Pearl. Three years later Narcissa conveyed her interest to Pearl, reserving a life estate to herself. But, when Pearl died, Narcissa executed a deed to her son, J. N. Todd. After Narcissa died, a suit to cancel Narcissa's deed to Pearl was brought by J. N. Todd against Pearl's heirs. This court held that under the Georgia law of survivorship, the devise from J. A. Todd to Narcissa and Pearl created vested life estates with contingent remainders in each of them, that contingent remainders were devisable and assignable, and that when Pearl died her mother's contingent interest vested and passed by the mother's deed to Pearl and thus to Pearl's heirs. Id. at 549, 550. This ruling controls the case before us.

Despite the presumption to the contrary, Alice C. Studstill clearly intended by the language in her will to create a right of survivorship in her son James and her daughter Mary Ella, and we so hold. *Equitable Loan &c. Co. v. Waring,* supra, 117 Ga. at 676. James and Mary Ella thus held vested life estates with cross contingent remainders, *Todd v. Williford,* supra, 168 Ga. at 549. When James died, his interest vested in Mary Ella.

Although a right of survivorship created by contract or by will was recognized, under the Georgia law at the time this will was executed, the joint tenancy with its unity of time, title, interest and possession had long been abolished in this state. *Lowe v. Brooks,* supra at 331. Thus, the doctrine of severance also had no place in our law at the time that the interests of these parties were created. *Todd v. Williford,* supra; see also *Commercial Banking Co. v. Spurlock,* supra, 238 Ga. at 125. As Agnor observed (above) "Neither A [Mary Ella] nor B [James Studstill] acting alone could defeat the contingent remainder held by the other." We decline to engraft the doctrine of severance into pre-1976 deeds and wills as we find the result reached here to be consistent with the testator's intent. The trial court erred in holding otherwise.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 7, 1983 —
REHEARING DENIED SEPTEMBER 22, 1983.

*W. McMillan Walker,* for appellants.
*Will Ed Smith,* for appellees.