## A90A0876. KING v. PLUMMER.
(397 SE2d 5)

COOPER, Judge.

Appellee, administratrix of the estate of the decedent, filed an application to sell certain real property of the decedent. Appellant, decedent's son and an heir-at-law, objected to the sale and offered to purchase the property, which was in his possession, for an amount slightly over the offer received by appellee for the property. The trial court entered an order approving the sale to appellant provided that appellant pay, if necessary, his pro-rata share of the administration expenses. Several months after the court's order, the property had not been sold and appellee filed a second application to sell the property, contending that the sale to appellant could not be concluded because appellant failed to pay his pro-rata share of the administration expenses. Appellee amended her application to allege that appellant's intentional and lengthy delay in closing the sale and his refusal to pay his share of the administration expenses had unduly delayed the settling of the estate. After hearing evidence, the trial court vacated its prior order and entered an order granting appellee's application to sell, finding that appellant's refusal to contribute his pro-rata share of the estate's expenses precluded the consummation of the sale to appellant; that further delay in closing the sale would result in waste to the estate and delay of payment to the heirs; and that it was in the best interest of the estate that the real property be sold as soon as possible.

1. In his first enumeration of error, appellant contends that the doctrine of res judicata barred the trial court from entering the second order approving the sale of the property. "Under a plea of res judicata 'a former adjudication is a bar as to all matters placed in issue or which might have been placed in issue between the same parties, or their privies, *upon the same cause of action.*' [Cit.]" *Puett v. McCannon,* 183 Ga. App. 152 (2) (358 SE2d 300) (1987). " '(A) former judgment binds only as to the facts in issue and events existing at the time of such judgment, and does not prevent a re-examination even of

the same questions between the same parties, if in the interval the material facts have so changed or such new events have occurred as to alter the legal rights or relations of the litigants. . . .' [Cit.]" Id. The court's first order approved the sale to appellant on the condition that if necessary, at the appropriate time he pay his pro-rata share of the expenses of administration. It is undisputed that appellant did not pay any expenses of administration and that appellant failed to consummate the sale for approximately seven months following the court's first order. Also, it is clear from the probate court's order, entered after hearing evidence, that the facts had changed materially since the first order. Therefore, we conclude that the probate court acted within its authority to vacate its prior order and grant appellee's second petition and that the doctrine of res judicata did not bar the subsequent order. See *Puett v. McCannon*, supra.

We find no merit to appellant's argument that appellee was required to file a motion to set aside the first order. Appellee's second application together with the amendment sufficiently set forth with particularity the relief sought and the grounds therefor and satisfied the requirements of the Civil Practice Act. See OCGA § 9-11-7 (b) (1).

2. Appellant contends in his second enumeration of error that the probate court erred in not correcting a clerical mistake in its first order; however, the gist of appellant's argument is that the words in the order "if necessary" and "at the appropriate time" create uncertainty in the order about when appellant was to pay the expenses of administration. Appellant contends that he was not required to pay his pro-rata share of administration at or before closing, but that his share of the expenses could be deducted from other property of the decedent at a later time. Appellee contends that the order is clear in its meaning, which is that appellant was required to contribute his pro-rata share of the expenses at the closing of the sale of the property. In the order from which this appeal is taken, the trial judge specifically found that the first order required appellant to pay his pro-rata share of the estate expenses at closing and did not find that any uncertainty or ambiguity existed in the order. Inasmuch as appellant has failed to show a clerical mistake in the order, this enumeration is without merit.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 4, 1990.

*Adie N. Durden, Jr.,* for appellant.
*John H. Hayes,* for appellee.