A91A1011, A91A1012. REID v. REID (two cases).
(411 SE2d 754)

COOPER, Judge.

These appeals arise from the superior court's grant of summary judgment to appellee and denial of summary judgment to appellant.

On August 18, 1987, appellant filed an application for permanent letters of administration on the estate of his deceased father, Charlie A. Reid, Sr. ("the deceased"), in which he stated that appellee was the widow of the deceased. He later amended the application by deleting appellee as widow and substituting Pauline Stapleton Reid. Appellee then filed a caveat to the application in which she contended that she, not Pauline Reid, was appellant's widow. A hearing was held on the application in probate court on November 23, 1987. On the same day, appellee withdrew the caveat and filed an application for year's support; however, she did not appear at the hearing. The court determined that Pauline Reid was the deceased's widow, and after she waived her right to serve as administratrix of his estate, appellant was named administrator. The court entered its written order on the matter on January 26, 1988, nunc pro tunc. Within 30 days, appellee

filed a "Petition To Set Aside and Vacate Judgment of Probate Court" in which she alleged that the judgment of the court had been obtained through fraud as appellant had not informed the court of the 1948 divorce of the deceased and Pauline Reid; that she was the widow of the deceased, having been married to him on January 28, 1954, and having resided with the deceased as his wife until his death on August 4, 1987; and that appellant was fully aware that appellee was Reid's widow because from the age of eight, appellant was raised by appellee until he entered the armed services as an adult. The probate court denied the petition to set aside on March 28, 1988, and the court's order was appealed to the superior court on April 8, 1988. The order of the probate court indicated that certified copies of divorce proceedings and a divorce decree between the deceased and Pauline Reid were introduced at the hearing; however, no transcript of the hearing was included in the record on appeal to this court.

In superior court, the parties filed cross-motions for summary judgment, and after a de novo trial (of which no transcript has been provided), the court determined that there were no genuine issues of material fact as the evidence revealed that the marriage of the deceased and Pauline Reid had been dissolved by decree in 1948, said decree never having been set aside or otherwise successfully attacked, and appellee was legally married to the deceased at the time of his death. The superior court concluded that appellee's petition to set aside was an attempt to have the probate court review and reconsider a clearly erroneous factual determination and judged the pleading by its function rather than its name, treating it as a motion for new trial which allowed the entire case to be considered by the superior court and not solely the narrow question of whether the probate court erred in denying appellee's motion. The superior court granted appellee's motion for summary judgment, determining that appellee was entitled to be appointed as administratrix of the estate and to share in the distribution of its assets. Appellant appeals his removal as administrator in Case No. A91A1011, and in Case No. A91A1012 he appeals the court's judgment as to appellee's application for year's support.

1. We first consider appellant's contention that the superior court erred in treating appellee's petition to set aside as a motion for new trial and in holding that the petition extended the time for appealing the January 26, 1988 order of the probate court to the superior court. We disagree. Appellee was entitled to attack the judgment in the court of its rendition. Her "petition" was timely filed, while the matter was still in the breast of the court, and despite that pleading's caption, the superior court correctly determined that appellee sought, by filing the pleading in the probate court, a re-examination of the finding of fact that Pauline Reid was the widow of the deceased, which tolled the time for appeal to superior court. OCGA § 5-6-38;

*Sunn v. Mercury Marine,* 166 Ga. App. 567 (1) (305 SE2d 6) (1983). "There is no magic in the nomenclature of a motion or other pleading, 'we will construe them to serve the best interests of the pleader, judging the pleading by its function rather than by its name.' *Holloway v. Frey,* 130 Ga. App. 224 (3) (202 SE2d 845)." *Gully v. Glover,* 190 Ga. App. 238, 239 (1) (378 SE2d 411) (1989). Accordingly, we find no error in the superior court's treatment of appellee's motion as a motion for new trial.

2. In light of our decision in Division 1 that appellee properly asserted a motion for new trial, we need not address appellant's contention in his first enumeration of error that the superior court erred in determining that the petition to set aside, pursuant to OCGA § 9-11-60, extended the time for filing the notice of appeal of the January 26, 1988 order and appellant's third enumeration of error in which he argues that the superior court erred in holding that the January 26, 1988 order was entered either by accident or mistake and/or that there was a nonamendable defect on the face of the record under OCGA § 9-11-60. Moreover, it should be noted that neither of these contentions were actual rulings of the superior court but were discussed in response to arguments raised by appellant and illustrated alternative methods by which the court could have considered appellant's motion and reached the same result. " '(A) judgment right for any reason must be affirmed.' [Cits.]" *Baker v. Baker,* 194 Ga. App. 477, 480 (2) (390 SE2d 892) (1990).

3. Appellant also contended that the court erred in denying his motion for summary judgment; however, in lieu of a discussion of the material facts and relevant authority relative to this enumeration of error, appellant merely refers to the procedural arguments made in the three preceding enumerations of error. Inasmuch as these arguments were addressed above and were resolved adversely to appellant, we will not address them here. This enumeration is without merit.

### Case No. A91A1012

Appellant raises as a sole enumeration of error that the court disregarded the principle of res judicata. Appellant contends that appellee, a party or privity to the proceedings in the probate court, failed to diligently prosecute her case in that court by dismissing her caveat and not appearing at the hearing and was, therefore, barred from complaining of the court's judgment by res judicata and collateral estoppel. Both doctrines are applicable where there is a "valid antecedent judgment" which has not been reversed or set aside. *Fierer v. Ashe,* 147 Ga. App. 446, 448 (249 SE2d 270) (1978); OCGA § 9-12-40. "It is the general rule that a judgment sought to be used as a basis for the application of the doctrine of res judicata must be a final judg-

ment. [Cit.] In Georgia a judgment is suspended when an appeal is entered within the time allowed. [Cit.] And the judgment is not final as long as there is a right to appellate review. [Cit.]" *Lexington Developers, v. O'Neal Constr. Co.*, 143 Ga. App. 440, 441 (238 SE2d 770) (1977). Despite appellant's contention as to appellee's lack of diligence, we have already held that appellant's motion for new trial was timely filed in the probate court and find further that the appeal to the superior court was also filed within the time provided by law. Moreover, the judgment of the probate court was ultimately set aside by the superior court. Therefore, the probate court ruling acquired no res judicata effect. This enumeration is also without merit.

*Judgments affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED OCTOBER 16, 1991.

H. *William Sams, Jr.*, for appellant.
H. *Kenneth Daniel*, for appellee.