A92A0491. HUTCHESON MEDICAL CENTER et al. v. SCEALF et al.
(422 SE2d 20)

COOPER, Judge.

Appellees, husband and wife, filed a medical malpractice complaint against appellants, a hospital and three physicians, on January 7, 1991. The complaint alleged acts of malpractice which occurred during the hospitalization of appellee husband during the months of January and February 1989. A medical expert's affidavit was not attached to the complaint; however, the complaint stated that it was filed within ten days of the running of the statute of limitation and that the affidavit would be filed within 45 days pursuant to OCGA § 9-11-9.1 (b). No affidavit was ever filed, and on March 19, 1991, the trial court granted appellants' motion to dismiss the complaint, dismissing the complaint with prejudice. On April 8, 1991, appellees filed a motion for reconsideration with the trial court, arguing that the dismissal should have been without prejudice. While the motion for reconsideration was pending in the trial court, appellees filed a notice of appeal to this court, on April 18, 1991. Thereafter, on April 24, the trial court, without knowledge of the notice of appeal, ruled on the motion for reconsideration, by amending its prior order to change the dismissal with prejudice to a dismissal without prejudice. Appellees

then dismissed the appeal and filed a voluntary dismissal of the lawsuit. In June 1991, within six months of the dismissal of the complaint, appellees refiled the action, this time attaching the required medical expert's affidavit. Also, in the new complaint, appellees alleged that appellee husband "was without sufficient mental capacity to entertain any civil action until well after the negligent act or acts were committed." Appellants again filed motions to dismiss, contending that the statute of limitation on appellees' cause of action had expired prior to the filing of the second complaint, and therefore OCGA § 9-11-9.1 (f) prevented appellees from renewing their action under OCGA § 9-2-61. In response to the motions to dismiss, appellees filed the affidavit of appellee husband's treating physician who stated that appellee husband was without mental competence or capacity to understand that actionable negligence may have been committed by the appellants for at least six months following his surgery on January 6, 1989. Appellees argued that the statute of limitation was tolled for the six months of appellee husband's incapacity; that the second complaint was filed within the limitation period; that the renewal complaint was therefore authorized under OCGA § 9-11-9.1 (f); and that, at minimum, there is a factual issue as to the appellee husband's incapacity such that a dismissal was not authorized. Appellants subsequently filed motions for summary judgment on the grounds that the trial court's order on the motion for reconsideration, in which it amended its order from a dismissal with prejudice to one without prejudice, is invalid because the trial court had no jurisdiction to enter the order after the notice of appeal to this court had been filed. According to appellants, the dismissal with prejudice should stand, thereby prohibiting a renewal action. In two orders, issued on the same day, the trial court denied appellants' motions to dismiss and motions for summary judgment. We granted appellants' application for an interlocutory appeal from the trial court's denial of their motions for summary judgment and motions to dismiss the complaint.

1. Appellants argue that the trial court was without jurisdiction to enter its order on the motion for reconsideration after the notice of appeal had been filed. The trial court concluded in its order denying appellants' motions for summary judgment that the first dismissal should have been without prejudice and that the court had authority to correct its judgment even after the notice of appeal had been filed. We disagree. "[T]he filing of the notice of appeal operates as a supersedeas and deprives the trial court of the power to affect the judgment appealed, so that subsequent proceedings purporting to supplement, amend, alter or modify the judgment, whether pursuant to statutory or inherent power, are without effect. [Cits.]" *Brown v. Wilson Chevrolet-Olds*, 150 Ga. App. 525, 531 (2) (258 SE2d 139) (1979).

See *Deans v. Dain Mgmt.*, 201 Ga. App. 466, 468 (411 SE2d 354) (1991). Appellees argue that since the motion for reconsideration did not extend the time for filing a notice of appeal, they had no alternative but to file a notice of appeal while the motion for reconsideration was pending in order to preserve their right to appeal the dismissal with prejudice. Appellees' reasoning is sound but fails to take into consideration that once the notice of appeal was filed, the trial court lost all jurisdiction to rule on the motion for reconsideration. Therefore, the only process to enable appellees to obtain a decision changing the dismissal with prejudice to one without prejudice was through an appeal to this court. However, appellees precluded our consideration of that issue by dismissing their notice of appeal upon the trial court's entry of its second order. Thus, the only valid order was the trial court's first order, which clearly stated that the dismissal was *with* prejudice. A dismissal with prejudice is res judicata of all questions which might have been litigated in the action and is a final disposition, barring the right to bring another action on the same claim. See *Cranford v. Carver*, 124 Ga. App. 767, 768 (186 SE2d 150) (1971). Appellees' second complaint involved the same cause of action against the same defendants as the first complaint. Hence, it appears that the defense of res judicata operated to bar the subsequent action. See OCGA § 9-12-40; *Liner v. North*, 194 Ga. App. 175 (1) (390 SE2d 263) (1990). Accordingly, we hold that the trial court erred in denying appellants' motion for summary judgment based on res judicata.

2. Our decision in Division 1 makes it unnecessary to address appellants' remaining enumerations of error.

*Judgment reversed. Sognier, C. J., concurs. McMurray, P. J., concurs in judgment only.*

DECIDED JULY 13, 1992 —
RECONSIDERATION DENIED JULY 28, 1992 — 

*Kinney, Kemp, Pickell, Sponcler & Joiner, L. Hugh Kemp, Minor, Bell & Neal, John T. Minor III, Watson & Dana, Dennis D. Watson*, for appellants.

*Hoyt, MacLeod, Callan, Sproles & Slade, Wade C. Hoyt III*, for appellees.