A94A0443. MALIN TRUCKING, INC. et al. v. PROGRESSIVE CASUALTY INSURANCE COMPANY.
(441 SE2d 684)

BIRDSONG, Presiding Judge.

Appellants Malin Trucking, Inc. et al. appeal the judgment of the superior court entered pursuant to the grant of appellee/plaintiff's motion for directed verdict. *Held*:

1. Appellants claim the trial court erred in directing verdict in favor of appellee. This enumeration cannot be judicially determined without examination of the trial transcript; the trial transcript has not been forwarded on appeal. Without access to the necessary trial transcript or a statutorily authorized substitute therefore, we must conclude the trial court did not err as enumerated. *Brown v. Frachiseur*, 247 Ga. 463, 464-465 (277 SE2d 16). Appellants, however, contend that the judgment entered on its face establishes conclusively that the trial court erred in directing verdict; we disagree. Additionally, if a judgment entered pursuant to the grant of a directed verdict is right for any reason it will be affirmed. See *Star Mfg. v. Edenfield*, 191 Ga. App. 665, 668 (382 SE2d 706); see also *Shapiro v. Lipman*, 259 Ga. 85, 86 (377 SE2d 673). Access to the trial transcript would be necessary to determine whether the directed verdict was right for any reason, and in the absence of the required transcript we arrive at the same appellate result; the judgment and directed verdict of the trial court must be affirmed. See *Brown*, supra; see also *Siegel v. Gen. Parts Corp.*, 165 Ga. App. 339 (2) (301 SE2d 292); *Attwell v. Heritage Bank &c.*, 161 Ga. App. 193, 194 (291 SE2d 28).

2. Appellants enumerate that the trial court erred in not forwarding the transcript with this appeal. In support of this enumeration appellants assert, without factual support in the record, that "the

transcript of record in the above styled case was not forwarded on to this Honorable Court because of a private agreement between the reporter and the appellee." Factual assertions in appellate briefs unsupported by the record cannot be considered on appeal. *Behar v. Aero Med Intl.*, 185 Ga. App. 845, 846 (2) (366 SE2d 223). In any event, we fail to see how this factually unsupported contention legally supports the specific enumeration that the *trial court* erred in not forwarding the transcript. This enumeration, as crafted, is without merit.

Moreover, appellee expressly asserts in its brief that "the trial transcript was not forwarded with this appeal because the appellants failed to take the steps necessary to obtain it. . . . No evidence was presented on why a transcript was not filed and no extension was requested. The fact that a transcript was not filed is the appellants' fault alone." Appellee's contention is supported both by some evidence of record and by law. An appellant who seeks to prove error in the trial proceedings has the burden to produce a transcript of the allegedly erroneous matters (*Powell v. State*, 198 Ga. App. 509, 512 (2) (402 SE2d 108)); the burden to file a transcript timely or to request an extension timely rests upon the appellant and cannot be shifted either to the court reporter or the trial court. See *Dunbar v. Green*, 232 Ga. 188 (205 SE2d 854). Further, the record establishes that the original notice of appeal did not contain an announcement by appellants of their intent to file a trial transcript. The amended notice of appeal reveals that the following statement was deleted by line-through therefrom: "Transcript of evidence and proceedings will be filed for inclusion in the record on appeal." Accordingly, the amended notice of appeal on its face refutes appellants' enumeration that the trial court erred in failing to forward the transcript with this appeal.

3. Appellee has filed, pursuant to the provisions of OCGA § 5-6-6, a motion for damages for frivolous appeal. "As appellant[s'] arguments are wholly devoid of support from the record, ' "we must conclude that the appeal to this court was for the purpose of delay only." ' " *Harris v. Wilwat Properties*, 201 Ga. App. 161, 162 (3) (410 SE2d 372). The motion is granted. The trial court is directed to enter judgment in favor of appellee for damages in the amount of ten percent of the judgment; the award shall be entered in the remittitur in accordance with OCGA § 5-6-6.

*Judgment affirmed with direction. Cooper and Blackburn, JJ., concur.*

Decided February 16, 1994 —
Reconsideration denied March 4, 1994.

*Serio & Swilley, Salvatore J. Serio*, for appellants.

*Michael H. Saul*, for appellee.