A94A2742. IN RE ESTATE OF ERNEST LAMAR ADAMSON, JR.
(451 SE2d 501)

BLACKBURN, Judge.

Ida Stanley Adamson, decedent's widow, appeals the probate court's order, dated July 12, 1994, finding her in contempt for failing to give possession of certain personal property to the executor of the Estate of Ernest Lamar Adamson, Jr., in compliance with the court's order dated February 21, 1994.

1. Adamson contends the personal property referenced in the probate court's February order was not property of the estate because she had an ownership interest therein. Adamson argues that as the probate court's February order was void because the probate court is without jurisdiction to decide matters of title to personal or real property, the court erred in finding her in contempt of such void order. We agree.

In Georgia, it is well-settled that probate courts do not have jurisdiction to adjudicate conflicting claims of title to real or personal property. Ga. Const. 1983, Art. VI, Sec. III, Par. I; OCGA § 15-9-30 et seq.; *Dix v. Dix*, 132 Ga. 630 (64 SE 790) (1909); *Johnson v. Johnson*, 199 Ga. App. 549 (1) (405 SE2d 544) (1991). The executor maintains that the trial court did not decide matters of title, but merely provided him with possession of the property as allowed by OCGA § 53-4-10. The executor's position begs the question. OCGA § 53-4-10 al-

lows an executor to "recover possession of any part of the estate from the heirs at law." Only property owned by the decedent becomes property of the estate which the executor or administrator has a right to possess. OCGA § 53-4-8. Therefore, the probate court was without authority to give the executor possession of property unless such property was owned by the decedent.

In the present case, Adamson has asserted an ownership interest in the property sought by the executor. The two vehicles sought by the executor are titled in the name of the decedent. However, "[b]y being only prima facie evidence of [title], it can be contradicted by other evidence." (Citation and punctuation omitted.) *Wielgorecki v. White*, 133 Ga. App. 834, 838 (212 SE2d 480) (1975). See generally *State of Ga. v. Sewell*, 155 Ga. App. 734 (2) (272 SE2d 514) (1980).

As the probate court is without jurisdiction to determine matters respecting title to personal property, this issue must be decided in the proper forum in order to confer authority upon the probate court to determine whether such property belongs in the estate, and therefore, in the executor's possession.

2. An order of contempt cannot be based on noncompliance with a void order. "Where the pleadings show on their face that the court is without jurisdiction of the subject-matter . . . any preliminary order or final judgment rendered therein is void; and disobedience of a void mandate, order, or judgment, . . . is not contempt of court." *John Hancock &c. Ins. Co. v. Baskin*, 179 Ga. 86 (3) (175 SE 251) (1934). See also *Tillotson v. Tillotson*, 227 Ga. 593 (4) (182·SE2d 114) (1971).

*Judgment reversed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 30, 1994 —
RECONSIDERATION DENIED DECEMBER 13, 1994 —

*John L. Watson, Jr.*, for appellant.
*Wm. Mark Amos, Ted N. Echols*, for appellee.