A97A0147. MOBLEY et al. v. SEWELL et al.
(487 SE2d 398)

Judge Harold R. Banke.

Susan R. Lawrence and Charles Lawrence filed this action on behalf of their ward, Rubye M. Mobley, nee Ruff ("Ruff") who was adjudicated incapacitated. They sued Ruff's now deceased husband, Herbert M. Mobley, his daughter, Evelyn Sewell, and her husband, Don F. Sewell, seeking to vacate and set aside a deed on the grounds of fraud, conspiracy, and breach of contract. On appeal, the Lawrences challenge the superior court's dismissal of their case.[1]

This case arose after Rubye Ruff conveyed a share in property located at 121 Lakeshore Boulevard to her future husband, Herbert Mobley, in 1981. This conveyance to both Ruff and Mobley created a joint tenancy with a right of survivorship. Ruff and Mobley married shortly after this transaction.

In February 1991, Herbert Mobley conveyed his interest in the property to his daughter, Evelyn Sewell. See *Tower Financial Svcs. v. Mapp*, 198 Ga. App. 563, 564-565 (1) (402 SE2d 286) (1991) (grantor can convey no greater interest than he owns). Days later, Mobley and

---

[1] The Lawrences originally filed this appeal in the Supreme Court, which transferred the case to this Court, finding that the issues involving title to land were merely ancillary to the application of the principle of res judicata. Our review of this case is impeded by the fact that the only records from the probate court proceedings are selected exhibits attached to the Lawrences' complaint. The probate court proceedings address matters of relevance to this appeal (particularly the resolution of issues raised by Mobley's notice of appeal challenging the probate court's December 28, 1993 order finding the transfer between Mobley and Sewell "voidable and illegal"). But neither that case nor its full record are before us. See *Malin Trucking v. Progressive Cas. Ins. Co.*, 212 Ga. App. 273, 274 (2) (441 SE2d 684) (1994) (appellant bears burden of providing appellate record).

Sewell petitioned to have Ruff declared incapacitated due to dementia or possible Alzheimer's disease, seeking to become guardians of her property. Ruff underwent a medical evaluation which resulted in a finding that she was incapable of managing her business affairs. After a hearing in which Ruff contested the proceedings, stated she felt threatened by her husband, and requested that if a guardian was appointed, it not be her husband, the probate court adjudicated Ruff incapacitated. It declined, however, to appoint Mobley or Sewell as guardian of Ruff's property, opting eventually for the Lawrences. The probate court ordered Mobley to return $9,000 he withdrew from a joint account and pay half of the ongoing household expenses.

In August 1992, over a year later, Evelyn Sewell filed a petition in superior court to partition the Lakeshore Boulevard property. The petition alleged that because the property had a residence thereon, a metes and bounds partition of Sewell's undivided half interest was impossible and the property would have to be sold. Ruff, who was confined to a nursing home, opposed the action and moved to dismiss. In addition, the Lawrences filed cross-complaints and an amendment to the answer in which they alleged fraud in the conveyance of the property and breach of contract. The superior court, agreeing that the property was not capable of a metes and bounds division, appointed two appraisers.

In June 1993, at Ruff's request, the probate court found Mobley in wilful contempt for violating its order requiring him to pay half the household bills and expenses. Six months later, the probate court issued an order stating that it would be inappropriate to hold Mobley in contempt. Notwithstanding the facts that the issue was not before it and the conveyance between Mobley and Sewell occurred before the probate proceedings commenced, this order also stated that because Ruff was incompetent at the time of the conveyance, the deed was voidable and illegal.[2]

Three months later, in March 1994, the superior court granted the Sewells' motion to strike the Lawrences' amendment to the answer alleging fraud in the conveyance of the property. It then ordered that the property be sold at public auction pursuant to OCGA § 44-6-167. These decisions were not appealed.

In May 1994, Don Sewell purchased the property when it was offered for sale on the courthouse steps by the court-appointed

---

[2] Because the probate court clearly lacked subject matter jurisdiction to determine the validity of the deed, this order is subject to collateral attack at any time under OCGA § 9-11-60 (d) (1). See *In re Estate of Adamson*, 215 Ga. App. 613 (1) (451 SE2d 501) (1994) (probate court's orders determining matters of title to property are void for lack of jurisdiction); see Ga. Const. of 1983, Art. VI, Sec. IV, Par. I (giving superior courts exclusive jurisdiction over cases respecting title to land). This fact undermines any argument that the probate court's order respecting the conveyance deprived the superior court of jurisdiction.

appraisers. Sewell subsequently sold the property to a non-party.

In September 1995, the Lawrences commenced this action seeking, inter alia, declarations that the warranty deed between Mobley and his daughter and the conveyance on the courthouse steps between Evelyn Sewell and her husband were void. The superior court dismissed this action, holding it was barred by res judicata, estoppel by judgment, and OCGA § 9-11-13. *Held*:

The trial court correctly held that this action was barred by the doctrine of res judicata. This doctrine, codified at OCGA § 9-12-40, provides: "[a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside." *Miller v. Charles*, 211 Ga. App. 386, 387 (439 SE2d 88) (1993). Res judicata prevents plaintiffs from asserting claims arising from the same transaction piecemeal or presenting only a portion of the grounds on which relief is sought and leaving the rest for a second suit if the first fails. *Cooper v. Public Fin. Corp.*, 146 Ga. App. 250, 252 (1) (246 SE2d 684) (1978); *Sorrells Constr. Co. v. Chandler &c.*, 214 Ga. App. 193, 194 (447 SE2d 101) (1994). "A dismissal with prejudice is res judicata of all questions which might have been litigated in the action and is a final disposition, barring the right to bring another action on the same claim. [Cit.]" *Hutcheson Med. Center v. Scealf*, 205 Ga. App. 204, 206 (1) (422 SE2d 20) (1992).

This case turns on the fact that the Lawrences failed to appeal the superior court's orders striking the amendment to their answer in which they alleged fraud in the conveyance of the property and directing that the property at issue be sold at public auction. Nor did they contest the sale itself. Instead, over a year after the orders were issued, they commenced this action, seeking to vacate and set aside the deeds between Mobley and his daughter and between the Sewells on the grounds of fraud, conspiracy, and breach of contract. The failure to appeal the superior court's orders implicitly and explicitly resolving the issues raised in the instant case allowed the disposition to become final. See *Lanier v. Gay*, 195 Ga. 859, 860 (25 SE2d 642) (1943); *Reid v. Reid*, 201 Ga. App. 530, 532-533 (411 SE2d 754) (1991); OCGA § 5-6-48 (b) (1). This triggered the doctrine of res judicata, which now prohibits the Lawrences from reasserting their allegations of fraudulent transfer of the property in this action. The Lawrences' erroneous assertion that the superior court lacked jurisdiction over the partition action does not alter this conclusion. See Ga. Const. of 1983, Art. VI, Sec. IV, Par. I (1).

The underlying controversy is, of course, troubling. The probate court's findings raise the issue of whether Mobley and the Sewells

took unfair advantage of Ruff's incapacity. However, the conveyance granting Mobley a joint tenancy with right of survivorship was executed in 1981, before any question of Ruff's incompetence arose. At least some authorities postulate that neither the co-owner's permission nor knowledge are necessary to sever the survivorship provision. Cogburn & Warren, "Joint Ownership of Georgia Real Property with Right of Survivorship" 16 Ga. St. Bar J. 54 (1979); see OCGA § 44-6-190 (a); see *Wallace v. Wallace*, 260 Ga. 400, 401, n. 4 (396 SE2d 208) (1990) ("The effect of such a sale [as between Mobley and his daughter] on the right of survivorship is unclear."); compare *Williams v. Studstill*, 251 Ga. 466, 467-468 (306 SE2d 633) (1983); see Pindar, Ga. Real Estate Law & Procedure, §§ 7-81, 19-13, 19-13.1 (observing that OCGA § 44-6-190 (a) created confusion on the severance issue). Thus, the transfer between Mobley and his daughter may have effected a severance notwithstanding Ruff's incapacity.

In their reply brief, the Lawrences have reframed their enumerations of error, raising a substantial number of new issues. Statements in the briefs cannot enlarge or alter the scope of review to include issues not reasonably contained in the enumeration of error. *Jabaley v. Jabaley*, 208 Ga. App. 179, 180 (2) (430 SE2d 119) (1993).

*Judgment affirmed. Birdsong, P. J., Smith, Ruffin and Eldridge, JJ., concur. McMurray, P. J., and Beasley, J., dissent.*

BEASLEY, Judge, dissenting.

The superior court should be reversed in this case, in which a widow has been deprived of her right, as a joint tenant with right of survivorship, to fee simple title in her home upon the death of her second husband. She had originally gained fee simple title upon the death of her first husband, because when he was alive she was a joint tenant with him, with right of survivorship. It appears from the record that her second husband, now deceased, and his daughter and son-in-law, have worked a fraud on her by a deed purportedly transforming her right into one of tenancy in common by a deed of which she did not know and which ignored her right of survivorship. They subsequently carried that apparent fraud to court and convinced the superior court in an action for partitioning that they were entitled to such.

Although the guardians of the incompetent widow's property should have brought an interlocutory appeal from the August 11, 1993 order of the superior court for an appraisal or an appeal from the order of March 9, 1994 (or May 7, 1994) approving the sale of the property to the son-in-law on the courthouse steps, the opportunity for attack is not completely lost.

When viewed in light of context, content, and purpose, the complaint of the plaintiff ward by her property guardians is in effect a

motion to set aside a judgment based on lack of jurisdiction over the subject matter. OCGA § 9-11-60 (d) (1). Access to adjudication of the issue through this mechanism is proper, although a collateral attack by way of an original action on a void judgment under OCGA § 9-11-60 (a) would not be. The latter is so because in *Murphy v. Murphy*, 263 Ga. 280, 282 (430 SE2d 749) (1993), the Supreme Court restricted usage of that subsection to "judgments which lack either personal or subject matter jurisdiction" and further confined "subject matter jurisdiction" in the context of this subsection to mean "jurisdiction of the *class of cases* to which the particular case belongs." Plaintiff does not dispute that the superior court had jurisdiction of her person or of partitioning actions, which it does. OCGA § 44-6-160.

Her argument is that the superior court did not have jurisdiction of the particular case of partitioning because the probate court had already taken jurisdiction of her property and had gone further and ordered that the deed purporting to create a tenancy in common was void. The earlier deed, creating the right of survivorship, was the foundation for the probate court order finding the husband in contempt. This would be a proper ground for a motion to set aside brought directly in the court in which the judgment was entered, pursuant to OCGA § 9-11-60 (d) (1), and should have been numbered in the clerk's records with the same number as the case in which the attacked judgment was entered. What was in effect a motion to set aside was timely, because she had three years to bring it. OCGA § 9-11-60 (f).

Res judicata is totally irrelevant. The effort to cure should be considered as occurring in the same and not a subsequent case. The question raised by what was in effect a motion to set aside was whether the superior court had jurisdiction to permit a partitioning of property on the basis of a deed which the probate court had earlier determined was null and void. That probate court determination had not been appealed by the grantor husband (her second one) or by his daughter and son-in-law. Although there is some reference to an appeal having been taken to the superior court, it apparently was abandoned, the probate court order ignored, and the partitioning action pursued instead. There is no indication in the record, or even suggestion by any party, that the order was reversed, vacated, set aside, or declared void for lack of jurisdiction or any other reason. See Ga. Const. 1983, Art. VI, Sec. IV, Par. I; *In re Estate of Adamson*, 215 Ga. App. 613 (451 SE2d 501) (1994). The petitioners in the partitioning action simply disregarded it.

They were obligated first to move to set aside that probate court order, either in the probate court or in an original action in superior court under OCGA § 9-11-60 (d) (1), or to obtain its reversal by way of appeal. Only after that existing probate court order was no longer to

be reckoned with, could those who a court had determined had no interest in the property then petition to partition it. Had they done so, the widow would at the same time have had an opportunity to transfer the deed issue to the superior court, which had jurisdiction of the subject matter of title, or to originate in the superior court an action for declaratory judgment that the deed was void because it purported to devise what the grantor did not own. But none of this transpired. OCGA § 9-12-16 was not invoked.

Thus, the judgment of the superior court in the partitioning case should have been set aside by the court upon plaintiff's prompting, as it was plain on the face of the record that the superior court had no jurisdiction of the subject matter of that partitioning, i.e., the property of the incompetent widow which was never properly transformed into a tenancy in common. It simply was not subject to a partitioning because there was an extant order of the probate court. The only interest which Rubye Mobley's second husband could convey was his joint tenancy during his life. That is not what he tried to convey, and in fact that was not what his daughter and son-in-law were interested in, since he would be living in that property during his lifetime. Even if the probate court order declaring the attempted conveyance of a tenancy in common void was beyond its jurisdiction, the superior court should not have permitted the partitioning because the ward showed that the subject matter of the partitioning was invalid.

Plaintiff unartfully styled her action as one to set aside the deed instead of one to set aside the judgment which confirmed the deed, but she did contend that the superior court had no jurisdiction to order a partition and sale, and she prayed that the deed made by the commissioners appointed by the superior court on May 3, 1994, be declared null and void and set aside. It is clear that she seeks to have the court's order set aside. She also prayed for "such other relief as may be equitable and just," which embraces what should have been provided.

Appellees bank on the record showing that the face of the probate court order ruled on an issue over which it had no subject matter jurisdiction, but the record also shows on its face, without dispute, that the partitioning proceeded on a deed purporting to convey Herbert Mobley's interest free and clear of Rubye Mobley's existing right of survivorship. Appellees cannot insist that the partitioning matter is closed and, at the same time, challenge in this appeal the earlier and unappealed probate court order.

I am authorized to state that Presiding Judge McMurray joins in this dissent.

DECIDED MAY 27, 1997 —
RECONSIDERATION DENIED JUNE 18, 1997 — Before Judge Smith.

*John L. Watson, Jr.*, for appellants.

*Smith, Welch, Studdard & Brittain, Benjamin W. Studdard III*, for appellees.