## A99A0986. In re ESTATE OF BAGLEY.

### (522 SE2d 281)

RUFFIN, Judge.

In August 1990, Lillian Thomas Bagley died testate. In 1997, William Troy Bagley (Bagley), the decedent's son, petitioned the probate court to be appointed executor of his mother's estate. The probate court denied the petition, and Bagley appealed to superior court. The superior court denied Bagley's petition and dismissed his appeal on the grounds that it was barred by res judicata, and Bagley filed this appeal. For reasons that follow, we affirm.

The relevant facts are as follows. The decedent was survived by three children: Bagley, Elizabeth Robertson and Jane Burns. In accordance with the will, Robertson was appointed executrix of the decedent's estate.[1] The will named Bagley as the successor executor in the event that Robertson died.

In July 1991, Burns petitioned the probate court to remove Robertson as executrix. The probate court denied Burns' petition. In January 1992, Bagley also petitioned the probate court to remove Robertson as executrix and to appoint him as successor executor. The probate court denied Bagley's petition, and Bagley appealed de novo to superior court, which held a jury trial. The jury found that Robertson should be removed as executrix, and on April 21, 1993, the trial court entered judgment on that verdict. Apparently, no successor executor was appointed at that time. In 1994, Bagley once again petitioned the probate court to be appointed executor, arguing that his mother had nominated him as the successor executor in her will. Following a hearing, the probate court denied Bagley's petition. In an order dated September 14, 1995, the probate court noted that Bagley and Robertson

> have irreconcilable differences, and the Court believes that based upon their animosity and the likelihood that such animosity will continue, that the best interest of the Estate will be served by [Bagley] not serving as the successor or alternate Executor of the Estate.

The probate court then appointed Jackson Harris, County Administrator, as the administrator of the estate. Harris subsequently was replaced by J. Bryant Durham, Jr., who is a party to this appeal.

Bagley never appealed the September 1995 order, nor did he seek to have either Harris or Durham removed as administrator. In June 1997, however, Bagley filed a third petition with the probate court, seeking appointment as executor. Once again, Bagley pointed

---

[1] The will first named the decedent's husband as executor, but he predeceased his wife.

to the fact that he had been named successor executor in his mother's will. Once again, the probate court denied his petition. Bagley appealed to the superior court, which denied his petition. In its order, the superior court noted that the estate was properly represented by Durham and was not in need of a new executor or administrator. In addition, the court found that Bagley's failure to appeal the probate court's September 1995 order denying his second petition to be appointed executor acted as res judicata.

1. Bagley contends that res judicata does not bar his 1997 petition to be appointed executor because the "issues in [the 1997] petition have not been previously ruled upon." This contention lacks merit.

The doctrine of res judicata is codified in OCGA § 9-12-40, which provides that

> [a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.

In order for res judicata to apply, several prerequisites must be satisfied: (1) identity of the cause of action; (2) identity of the parties; and (3) a previous adjudication on the merits by a court of competent jurisdiction. *Fowler v. Vineyard*, 261 Ga. 454, 455-456 (1) (405 SE2d 678) (1991). The party against whom the doctrine is raised also must have had a full and fair opportunity to litigate the issues. Id. In addition, the prior judgment must be a final judgment. *Reid v. Reid*, 201 Ga. App. 530, 532-533 (411 SE2d 754) (1991). A "judgment is not final as long as there is a right to appellate review." (Punctuation omitted.) Id. at 533.

Here, the prerequisites for res judicata have been satisfied. In both the 1994 and 1997 petitions, Bagley sought appointment as executor of his mother's estate. Thus, both petitions involved the same "cause of action." Both petitions also involved the same parties.[2] Moreover, the 1995 order of the probate court constituted a final order as Bagley failed to appeal the order within 30 days. See OCGA §§ 5-3-2 (a) and 5-3-20.

Bagley maintains that res judicata does not bar his 1997 petition

---

[2] The fact that a successor administrator was appointed does not change the identity of the parties. See *State of Ga. v. Brookins*, 257 Ga. 205, 207 (2) (357 SE2d 77) (1987) (" 'a final judgment has the effect of res judicata between the parties and their successors in interest' ").

because it is based upon a different theory from the 1994 petition.[3] However, "[u]nder a plea of res judicata a former adjudication is a bar as to all matters placed in issue or which might have been placed in issue between the same parties, or their privies, upon the same cause of action." (Punctuation and emphasis omitted.) *King v. Plummer*, 196 Ga. App. 711 (1) (397 SE2d 5) (1990). Because Bagley could have raised both theories in his 1994 petition, res judicata bars the subsequent petition.

Finally, Bagley argues that res judicata should not bar his 1997 petition because the facts have changed. With regard to res judicata,

> [a] former judgment binds only as to the facts in issue and events existing at the time of such judgment, and does not prevent a re-examination even of the same questions between the same parties, if in the interval the material facts have so changed or such new events have occurred as to alter the legal rights or relations of the litigants.

(Punctuation omitted.) *King*, supra at 711-712 (1). In its 1995 order, the probate court concluded that it was not in the best interest of the estate for Bagley to serve as executor because of the dissension between Bagley and Robertson. Bagley presents no evidence whatsoever that the contentiousness has dissipated. Thus, the probate court's conclusion that Bagley should not serve as executor is res judicata.

In so holding, we do not suggest that once a probate court appoints an administrator, the beneficiaries under the will are precluded from seeking the removal of that administrator. To the contrary, the beneficiaries may still petition the probate court for such a change, and under OCGA § 53-7-148, the probate court has authority to remove the administrator. See *In re Estate of Dunn*, 236 Ga. App. 211, 213-214 (3) (511 SE2d 575) (1999). However, it does not automatically follow that the probate court would be required to appoint Bagley. We note that Bagley does not contend that the current administrator has mismanaged the estate or that he has acted improperly. OCGA § 53-7-148. Moreover, the issue of Bagley's suitability to serve as executor has already been decided adversely to him, and he presents nothing new that would justify a different result. Accordingly, the superior court correctly dismissed Bagley's 1997

---

[3] Bagley asserts that the 1994 petition was based "entirely upon his rights as the successor executor in the will," and that the 1997 petition was based "entirely on the request of the majority of the heirs to have [him] appointed" executor. We note, however, that in his 1997 petition, Bagley asserted that he had been named successor executor in his mother's will and his attorney referred to this fact at the hearing on that petition.

petition on the grounds that it was barred by res judicata.

2. In view of our holding in Division 1, we need not address Bagley's remaining enumerations of error.

*Judgment affirmed. McMurray, P. J., and Andrews, P. J., concur.*

DECIDED SEPTEMBER 9, 1999.

*McCrory & Baldwin, Aldous D. McCrory*, for appellant.

*Jones, Byington & Durham, J. Bryant Durham, Jr., Brinson, Askew, Berry, Seigler, Richardson & Davis, C. King Askew, Mark M. J. Webb*, for appellee.